[Civ. No. 838.   Second Appellate District.—January 20, 1911.]

## W. J. BEAVER, Appellant, v. THE CONTINENTAL BUILDING AND LOAN ASSOCIATION, a Corporation, Respondent.

SALE UNDER TRUST DEED—CONTRACT FOR RENEWAL—PURCHASE OF DEBTOR'S TITLE BY PLAINTIFF—AGENCY FOR DEFENDANT—ORAL CONTRACT FOR PROFITS ON RESALE—STATUTE OF FRAUDS.—Where defendant agreed to a friendly sale under a trust deed, in the interest of the debtor, at suggestion of plaintiff, who was defendant's agent, to shut off mechanics' liens on the property, under contract for a new trust deed, under which sale title was taken in the name of a trustee for defendant, though the new trust deed was not executed, and plaintiff secretly acquired the debtor's title, and made an oral agreement with such trustee for profits on a resale of the property after paying the debt, and obtained purchasers at such profit, but the oral contract with plaintiff was repudiated, and the property was sold by defendant, through another agent, to the same purchasers, such oral contract was invalid under the statute of frauds, and cannot be enforced by plaintiff.

ID.—NATURE OF ORAL AGREEMENT—AGENCY TO SELL REAL ESTATE—WRITING ESSENTIAL.—The agreement relied upon, conceding it to have been made with a person having authority to act for the defendant, must be considered to be one merely of employment of the plaintiff as an agent to sell real estate, which is made invalid,

under subdivision 6 of section 1624 of the Civil Code, unless expressed in writing.

ID.—ORAL CONTRACT TO MODIFY WRITTEN CONTRACT NOT EXECUTED.— If the agreement sued upon be regarded as an oral modification of the written agreement for a new trust deed, it is nevertheless invalid under section 1968 of the Civil Code, which provides that a contract in writing may be altered by a contract in writing or by an executed oral agreement, and not otherwise, the oral modification not having been executed.

ID.—ABSENCE OF GOOD FAITH OF DEFENDANT'S AGENT—TITLE ACQUIRED AS TRUSTEE FOR DEFENDANT.—No injustice arises against the plaintiff in applying the statute strictly against him. His conduct toward the defendant in acquiring the title of the debtor under the trust deed secretly, without informing defendant thereof as its agent, was not characterized by the good faith and fair dealing required of an agent toward his principal; and it might be held that plaintiff could not acquire any interest in the property without the consent of the defendant, and that any interest so acquired would be held by him as trustee for defendant's benefit.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. G. A. Gibbs, Judge.

The facts are stated in the opinion of the court.

C. W. Pendleton, for Appellant.

Frank G. Finlayson, for Respondent.

JAMES, J.—This action was brought to recover from defendant the sum of $3,000. The cause of action was set forth by plaintiff in his complaint in the form of a common count for money had and received. The answer contained a specific denial of the allegations of the complaint, and, in addition thereto, a counterclaim was pleaded upon which judgment was asked against plaintiff for the sum of $2,231.77. It was adjudged that neither party recover in the action. The findings of the court were against the plaintiff on all of the issues tendered by his complaint, but in favor of defendant on its counterclaim, except that it was held that the indebtedness of plaintiff to defendant was barred by the statute of limitations. A statement of the case was settled and used on the hearing of a motion made by plaintiff for a new trial, and this

appeal is taken from an order denying said motion, and also from the judgment.

On June 1, 1903, a deed of trust was executed by one J. W. Harvey, conveying to the California Safe Deposit and Trust Company, as trustee, a certain lot of land located at Fourth and Fremont streets, in Los Angeles city. This trust deed was made for the benefit of defendant and as security for a loan of $10,000 made by it to Harvey. At that time, and subsequent thereto, plaintiff was acting as an agent of defendant in the city of Los Angeles, looking after matters of loan investments for the latter. Prior to August, 1904, payments due from Harvey under the terms of the loan agreement made with plaintiff had become delinquent, and the property furnishing the security for the repayment of the $10,000 loan had become charged with liens and encumbrances asserted by mechanics and other persons. The plaintiff thereupon wrote to defendant, suggesting that it would be agreeable to the owner of the property to have defendant institute a "friendly" foreclosure suit to "wipe out a lot of lien claims." This suggestion he wrote in a letter to defendant, addressed to its office at San Francisco. In response to this suggestion the following letter was written to plaintiff by the general manager of defendant:

"San Francisco, June 23rd, 1904.

"W. J. Beaver, Esq.,

"Los Angeles, Cal.

"Dear Sir: Referring to the J. W. Harvey loan for $10,000, beg to state that should we foreclose the property on friendly lines in order to kill the liens, we would expect the owner of the property to put up the cost of the foreclosure and the delinquent payments, and then let them take a new deed of trust for the same amount as the original one.

"Yours truly,

"WILLIAM CORBIN,

"Secretary and General Manager."

A second letter from Corbin, dated early in July following, contained the information that foreclosure had been ordered to be made, and a request that Harvey send $200 to pay attorney's fees and costs of advertising. Some time later a check for $150 on this account was sent to defendant by plaintiff. Due proceedings were had for the sale of the property

covered by the trust deed, and on August 16, 1904, the trustee, after sale, by deed transferred title thereto to defendant. There the title remained until November 29, 1905, when a deed passed it from defendant to one Tichenor, another agent of defendant, who held the property as trustee until June 26, 1906, when it was sold for a consideration of $15,500 to J. E. Ellison and wife. From the time the trustee's deed was made to defendant, down to the time when the property passed to the Ellisons, there had been no offer on the part of Harvey, or any successor of his to the title to the property, to discharge delinquent payments which were in arrears when the ''foreclosure'' was had. No demand was ever made upon defendant that it comply with the understanding expressed in Corbin's letter, first quoted. It is true that $150 had been paid toward foreclosure expenses, but nothing more had been paid and no deed had been demanded back, and no new trust deed had been offered to be executed.

The plaintiff here, notwithstanding that he had acted throughout the various proceedings as an agent of defendant, through a secret agreement with Harvey became, on April 14, 1904, prior to the date of the deed from the trustee to defendant, the owner of Harvey's interest in the property. He had had the title transferred for him by Harvey to one Galoron, and later, on April 27, 1904, another deed was executed from Galoron to one Craig, who, plaintiff claimed, was also his trustee. By these means plaintiff, nominally at least, succeeded to whatever rights the owner of the property acquired through the agreement with defendant respecting the sale which was had under the trust deed. It was not claimed in this action that the plaintiff was entitled to enforce any right at all based upon the agreement mentioned and resting for authority upon the letter of Corbin written prior to the making of the sale under the trust deed. Indeed, it would seem to appear that any right attempted to be conferred by the first agreement, so called, would have become lost when the owner of the property should fail to offer within a reasonable time after the trustee's sale to perform all of the things he became obligated to perform, which included the making of payments delinquent on the loan and the execution of a new trust deed. None of these things were done, and nearly two years passed before the property was sold by defendant.

Plaintiff must rest his claim to a right to recover solely upon an alleged agreement made subsequent to the date of the deed from the trustee to defendant. This agreement, he testified, was to the effect that if he succeeded in securing a purchaser for the property, he was to receive all money over and above the sum of $12,000 which might be paid by the purchaser therefor. He stated in his testimony that his demand was upon this subsequent oral agreement claimed to have been entered into by him with Tichenor; on this subject he testified: "The contract between Tichenor and myself in which I was to get all over $12,000 was also oral, and that is the contract under which I claim $3,000 in this case." The date upon which the latter agreement was made was more than one and one-half years prior to the time when the property was sold. In June, 1906, plaintiff did produce a purchaser for the property, but Tichenor refused to deal with him, claiming that all business arrangements between defendant and plaintiff had been terminated and were at an end. Through another agent, however, a sale of the property was consummated to the same persons who proposed to purchase through the plaintiff. We consider this second agreement, conceding it to have been made with a person having authority to act for defendant, to be one merely of employment of plaintiff as an agent to sell real estate. Such an agreement is invalid unless expressed in writing. (Civ. Code, sec. 1624, subd. 6.) A memorandum made on a card by Tichenor, showing prices fixed on the Harvey property in 1904, is of no service as establishing a sufficient writing in and of plaintiff's claim on the second agreement. This memorandum set forth no agreement, or terms of any agreement; it contained merely these words and figures: "Price given McKnight $11,321.75; price given Bank $11,104.55." If the agreement sued on is considered as a modification only of the first agreement, the terms of which were expressed in Corbin's letter, then it, too, is invalid because not expressed in writing. Section 1698 of the Civil Code provides as follows: "A contract in writing may be altered by a contract in writing or by an executed oral agreement, and not otherwise."

It may be added that this is not a case where the requirement of the statute making it necessary to the validity of certain contracts that they be expressed in writing, works any

apparent injustice or hardship when applied as a bar to a recovery by plaintiff. Plaintiff's conduct toward defendant in the matter of the Harvey loan was not characterized by that attitude of good faith and fair dealing expected to be evidenced in the deportment of an agent toward his principal. He did not inform defendant during the dealings had with respect to the Harvey property that he had acquired Harvey's title to the same until after sale had been made under the trust deed. While pretending to act for defendant, he was at the same time endeavoring to so manipulate the transaction as to profit himself by the outcome. If it were necessary to pass upon that question, it would be proper to hold that any interest acquired in the Harvey property by the plaintiff, while acting as agent for the defendant, became the property of defendant; that is, that plaintiff, by reason of the confidential relation existing between himself and the defendant, could not acquire any interest for himself in the property without the consent of defendant, and that any interest he did so acquire would be held by him as trustee for the benefit of defendant.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.