[S. F. No. 12445. Department One.—November 26, 1928.]

FRED KATZ, Appellant, v. WILLIAM HELBING, Sr., et al., Respondents.

Hubbard & Hubbard and Grove J. Fink for Appellant.

Redman & Alexander and Walter H. Linforth for Respondents.

SEAWELL, J.—Plaintiff appeals from a judgment for defendants entered after defendants' demurrer to plaintiff's amended complaint has been sustained without leave to amend.

The complaint which the court below held did not state a cause of action sets forth the following facts: All defendants except defendant A. G. Isaacs were members of a copartnership engaged in the building contracting business in the city and county of San Francisco, and were the owners of certain real property in said city and county. Said defendants and defendant A. G. Isaacs, on August 25, 1925, were, and for several weeks prior thereto had been, engaged in the construction of a building upon said real property, and on said date and for many days prior thereto "negligently and carelessly kept and maintained upon the public sidewalk and in the public street directly in front of said lot of land and said building certain building materials consisting, in part, of wet lime and/or mortar." On said August 25, 1925, while plaintiff was a passenger on a street-car passing said lot, "a small, immature and irresponsible boy of tender years, to-wit, of the age of eleven years," picked up a quantity of wet lime and/or mortar so negligently and carelessly maintained by defendants and threw it at said street-car on which plaintiff was a passenger, and portions of said wet lime struck plaintiff in the face and entered the socket of his right eye, thereby injuring and burning the eyeball to the extent that it became necessary to remove said eyeball. His left eye was also injured to the extent that the sight thereof has been permanently impaired. It is further alleged in paragraph VII of the complaint that "at all times from the 20th day of August, 1925, to and including the time plaintiff was injured, defendants well knew that small boys were taking wet lime and/or mortar from said building materials so negligently and carelessly kept and maintained by defendants upon said sidewalk and in said street, as aforesaid, that said boys had free and open access to said lime and/or mortar, that said boys were throwing such wet lime and/or mortar at street cars which passed along said street in front of said building, and that passengers, including plaintiff, upon said street cars would probably be injured by such lime and/or mortar so thrown by said boys as plaintiff was injured, as

aforesaid. Yet defendants, continuously from said 20th day of August, 1295, to and including the time plaintiff was injured, and for many days after defendants had knowledge of said acts of said boys, continued negligently and carelessly to keep and maintain said building materials, including such wet lime and/or mortar, upon said public sidewalk and in said public street.''

On account of said injuries and damages, alleged to be ''the direct and proximate results of the negligent and careless maintenance by defendants, and by each of them, of said building materials upon said public sidewalk and public street,'' plaintiff demanded damages in the sum of $50,000.

█ Respondents argue that it affirmatively appears from the allegations of the complaint that the act of respondents in maintaining the building materials in the street was not the proximate cause of plaintiff's injuries, but that said injuries were proximately caused by the intervening wrongful act of the eleven year old boy who threw the lime and mortar, striking plaintiff. The allegation in paragraph VIII of the complaint that plaintiff suffered injuries ''as direct and proximate results'' of the negligent and careless conduct of the defendants, will not, of course, render the complaint sufficient if it affirmatively appears from other allegations that the act made the basis of liability is, as a matter of law, not the proximate cause of the injury complained of.

█ It must be conceded that building materials are commonly left standing on the sidewalk and border of the street fronting on buildings in the course of construction, and that wet lime and mortar are frequently mixed in boxes placed upon the sidewalk or street area, to be from there carried into the building for use. This practice, under ordinary circumstances, is recognized as lawful by custom and judicial decision. But if experience had demonstrated that the placing of building materials in public streets and sidewalks was likely to be attended by accidents to persons lawfully using said streets and sidewalks, whether by virtue of wrongful acts of interference of young children or otherwise, we might expect to find the matter regulated by statute, and in the absence of statutory prohibitions it would be the duty of courts and juries to declare such conduct wrongful if a reasonably prudent man would have foreseen that injury would probably result, for the acts of a

defendant are deemed the proximate cause of such consequences as a reasonably prudent man would anticipate as likely to result therefrom. (*Royal Indemnity Co.* v. *Public Service Corp.*, 42 Cal. App. 628 [183 Pac. 960]; *Polloni* v. *Ryland*, 28 Cal. App. 51 [151 Pac. 296]; *Merrill* v. *Los Angeles Gas & Electric Co.*, 158 Cal. 499 [139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559, 111 Pac. 534].) ■ Intervening wrongful acts of third persons, but for which injuries complained of would not have been received, ordinarily break the chain of causation, because they are not to be anticipated as probable consequences, but are occasional and exceptional results. But this is not always the case, especially where the acts of children of a nonresponsible age are involved. (See *Parkin* v. *Grayson Owen Co.*, 25 Cal. App. 269 [143 Pac. 257]; *Cahill* v. *E. B. & A. L. Stone Co.*, 153 Cal. 571 [19 L. R. A. (N. S.), 1094, 96 Pac. 84]; Id., 167 Cal. 126 [138 Pac. 712]; *Faylor* v. *Great Eastern Q. Min. Co.*, 45 Cal. App. 194 [187 Pac. 101].)

*Hale* v. *Pacific Telephone & Telegraph Co.*, 42 Cal. App. 55 [183 Pac. 280], and the cases from other jurisdictions cited by respondents, in which intervening acts of children have been held to break the chain of causation, were all decided on the ground that the intervening acts there involved were not to be anticipated. (*Horan* v. *Town of Watertown*, 217 Mass. 185 [104 N. E. 464]; *Perry* v. *Rochester Lime Co.*, 219 N. Y. 60 [L. R. A. 1917B, 1058, 113 N. E. 529]; *Hall* v. *New York Telephone Co.*, 214 N. Y. 49 [L. R. A. 1915E, 191, 108 N. E. 182]; *Hartnett* v. *Boston Store*, 265 Ill. 331 [L. R. A. 1915C, 460, 106 N. E. 837]; *Beetz* v. *City of Brooklyn*, 10 App. Div. 382 [41 N. Y. Supp. 1009].) The same principle may, perhaps, be applied to *Loftus* v. *Dehail*, 133 Cal. 214 [65 Pac. 379].

It may be conceded that the probability of young boys injuring pedestrians or passengers upon passing street-cars by throwing wet lime mischievously or in prankish or frolicsome mood, even where the box of lime is situated upon a public sidewalk and in convenient reach of passers-by, is so slight in a majority of cases that ordinarily no duty is imposed upon the person who places materials or substances upon the sidewalk for a lawful purpose to take unusual precautions to guard against the possibility of injury by the misuse of said materials by strangers. Considering the

question with respect to the general social welfare, the law has determined that it is better that the damages incurred by the acts of third parties go uncompensated, rather than that liability should be imposed upon the person who placed or caused said materials to be placed upon a public street without guard, accessible to anyone who might choose to use them in any way his malevolent disposition or thoughtless fancy might direct.

The court will take judicial notice of the deleterious effect of quicklime to the tissues and flesh of the human body and such a delicate organ as the eye. If necessary, the court is permitted to consult standard authorities or treatises in the investigation of questions of science, and in doing this we are informed that "lime" is a "caustic, highly infusible substance," and that quicklime develops great heat when treated with water. The trial court is also permitted to take judicial notice of the fact that the place occupied by the lime-box, 940 Sutter Street, San Francisco, was a portion of a very busy business area of said city and great numbers of persons of all ages passed and repassed said place daily. The allegations of the complaint, in testing its sufficiency, must be considered in the light of the situation thus presented. The complaint proceeds to allege that from August 20, 1925, to the time plaintiff was injured, five days later, defendants well knew that small boys were taking said wet lime and mortar and throwing it at passing street-cars, that said boys had free and open access to the lime and mortar, and that passengers upon the street-cars were the targets of their marksmanship. We are of the opinion that it must be held that under these allegations proof might be offered showing that the frequency, extent, and character of the acts of the small boys were such as to create liability on the part of defendants to plaintiff. In determining the probability of an event happening in the future its occurrence in the past under similar circumstances is relevant. In cases of this class the courts have stated that the fact that an occurrence has happened in the past is a circumstance to be considered in determining whether it was reasonably to be expected to happen in the future. (*Cole* v. *German Sav. & Loan Society,* 124 Fed. 113 [63 L. R. A. 416, 59 C. C. A. 593].)

■ Evidence would also be admissible under the foregoing allegations to show whether defendants had warned said children of the dangerous character of their acts and commanded them to desist, or, failing to secure obedience, had called upon officers of the law to assist them, or whether any precautionary or preventive measures whatsoever had been taken. Further, evidence as to the ability of defendants to have moved the materials to some less accessible place would be relevant as a circumstance bearing upon liability. The allegation that the boys had "free and open access" to the lime and mortar suggests that their acts were of a permissive character which would tend to create liability. While plaintiff might well have included in his complaint more definite allegations as to the frequency and character of the acts of the boys, we are of the view that their absence does not render the complaint insufficient to state a cause of action.

■ Although if the injury herein had resulted from the intervening agency of a person of an age and discretion to realize the inherently dangerous properties of wet lime and mortar and its capacity for inflicting injury, and who possessed adult judgment and experience and a proper sense of duty which one member of society owes to another, the act of such a person would be held to be the proximate cause of the damage done, it cannot be said as a matter of law that an eleven year old boy, presumed to possess average intelligence for one of his years, since the contrary is not alleged, is such a responsible agent. As was said by this court in *Cahill* v. *E. B. & A. L. Stone Co.*, 167 Cal. 126 [138 Pac. 712], in discussing the allied question as to contributory negligence in children:

" 'There is no precise age at which, as a matter of law, a child is to be held accountable for all his actions to the same extent as one of full age. . . . The question as to the capacity of a particular child at a particular time to exercise care in avoiding a particular danger, is one of fact, falling within the province of a jury to determine.' " (See, also, *Mayne* v. *San Diego Elec. Ry.*, 179 Cal. 173 [175 Pac. 690], and *Greeneich* v. *Knoll*, 73 Cal. App. 1 [238 Pac. 163].)

In *Cahill* v. *E. B. & A. L. Stone Co.*, *supra*, the plaintiff, a boy twelve years of age, was injured while endeavoring to stop a push car which had been left standing unguarded and

unlocked on the rails on a public street and had been wrongfully set in motion by other children with whom plaintiff was playing. The court said, at page 136 [138 Pac. 716]:

"The theory of the defendant is that the act of the other children in setting it [the push car] in motion destroyed the causal connection between the negligence of the defendant in leaving the car unguarded and the injury to plaintiff. But if the defendant was negligent in not safeguarding the car, the mere fact that it was put in motion in play by children before plaintiff joined them will not excuse it, *as such a thing ought to have been anticipated by it.* The original neglect of the defendant in failing to guard the car continued as the direct and culpable cause of the injury and its responsibility is to be determined by the *probable injurious consequences to children which were to be anticipated therefrom* and not by subsequent and independent events or agencies that may have arisen. In such a case children are not considered such responsible agents as break the chain of causation." (Italics supplied.)

Certain cases involving the liability of owners of automobiles parked in the public streets for injuries to pedestrians resulting from the acts of children in releasing the brakes and causing the automobile to "run away," while denying liability under the facts proved, contain language which indicates that each case must be determined by its particular facts and that although under ordinary circumstances a rule of nonliability prevails in the automobile cases—which we believe must also prevail in the larger proportion of building material cases—there may be factual circumstances rendering the intervening acts of children a probable consequence and hence requiring a different ruling. Thus, in *Jackson* v. *Mills Baking Co.*, 221 Mich. 64 [26 A. L. R. 906, 190 N. W. 740], the court said:

"The car was in the street where it had a right to be. Brewin had no reason to anticipate that the children would board the car and start it. Children had frequently come out to the car on his previous trips, but had never climbed onto the car, and had not been in the habit of playing or meddling with it. . . . *If Brewin had left his wagon standing in the street and gone out of sight of it, and remained away for a considerable period while children were in the habit of playing in and around it, a different question would*

*be presented.''* (Italics supplied.) (See, also, *Maloney* v. *Kaplan,* 233 N. Y. 426 [26 A. L. R. 909, 135 N. E. 838]; *Kaplan* v. *Shults Bread Co.,* 212 App. Div. 110 [208 N. Y. Supp. 118]; *Touris* v. *Brewster,* 235 N. Y. 226 [139 N. E. 249]; see, also, note, 26 A. L. R. 912.)

In *Jackson* v. *London County Council,* 28 Times L. R. 66 and 359, recovery was allowed in a case similar in important particulars to the case at bar.

■ Negligence is relative to time, place, and circumstances. There is no fixed rule which may be universally applied. The question here is, what was the duty of the respondents, knowing what they are charged with knowing and seeing what the complaint alleges they saw? If reasonably prudent persons would, under the allegations of the complaint, have adopted or taken steps to adopt some measure to protect the public against the repetition of the acts which recurred during five successive days, and we are of the view that they would have taken such steps, then it became the duty of defendants to act in a similar manner. It would then become a demonstrable proposition that the lime in its semi-solid state was attracting the immature and thoughtless as a substance for childlike amusement. That it was a dangerous substance to scatter about in thickly populated districts must be known to adult persons.

■ Call the lime in its mixed form an attractive nuisance, or what you may, the basic fact remains that if the allegations of the complaint be taken as true, the defendants owed to the general public protection from annoyance and injury arising from a condition which they had caused to exist and which they knew was tempting and impelling youthful minds to deeds that were likely to bring damage to innocent persons lawfully using the public sidewalks and streets. Every person in his intercourse with his fellows owes to them certain natural, inherent duties, of which all normal persons are conscious, among which is the duty of protecting life and limb against peril when it is in his power to reasonably do so.

From what we have said in passing upon the sufficiency of the complaint we do not intend to be understood as forecasting the facts which may be developed in the trial of the case. The facts may reveal a case of nonliability. All that we hold is that it appears to us, upon a consideration

of the law question thus far developed, that the complaint states a cause of action.

The judgment is reversed.

Curtis, J., and Preston, J., concurred.

Hearing in Bank denied.

All the Justices concurred.