[Civ. No. 10296. First Appellate District, Division Two.—March 5, 1937.]

BETHYL ELOISE WELDY, a Minor, etc., Appellant, v. OAKLAND HIGH SCHOOL DISTRICT OF ALAMEDA COUNTY (a Public Corporation), Respondent.

James R. Agee and Minett F. Hallmark for Appellant.

Earl Warren, District Attorney, Charles V. Barfield and John J. Healy, Jr., for Respondent.

NOURSE, P. J.—Plaintiff sued for injuries incurred while a spectator at a football game. A demurrer to her second amended complaint was sustained without leave to amend. She appeals from the judgment following that order.

The complaint alleges that a football game was held in the California Memorial Stadium at Berkeley under the direction, supervision and management of the school district; that the plaintiff and numerous other students of the school district attended the game as paying spectators; that the district undertook to have teachers employed by it attend the game to supervise the students during the game; that certain students seated behind and above plaintiff engaged in a course of rowdyism and dangerous conduct consisting of throwing objects upon those seated below; "that said school district negligently and carelessly failed to take any steps whatsoever to prevent this dangerous course of conduct and failed to do anything to prevent its continuance"; that one of said students so engaged in such conduct tossed a heavy glass bottle, which struck the plaintiff, causing the injuries complained of. Since we are satisfied that this complaint does not state a cause of action against the school district, we will not discuss any of the other points raised.

■ The liability of a school district for injuries to its students rests upon section 2.801 of the School Code (Stats. 1931, p. 2487), which permits recovery only when the injuries arise from "the negligence of the district or its officers or employees". The statute does not create a liability upon the district for injuries arising from the unlawful or wilful misconduct of its students (*Whiteford* v. *Yuba City Union H. S. Dist.*, 117 Cal. App. 462, 464 [4 Pac. (2d) 266]), nor for injuries arising from the negligence of a fellow student (*Hack* v. *Sacramento City Junior College Dist.*, 131 Cal. App. 444, 448 [21 Pac. (2d) 477]; *McCloy* v. *Huntington Park Union H. S. Dist.*, 139 Cal. App. 237 [33 Pac. (2d) 882]; *Goodman* v. *Pasadena City H. S. Dist.*, 4 Cal. App. (2d) 65 [40 Pac. (2d) 854]; *Underhill* v. *Alameda Elem. S. Dist.*, 133 Cal. App. 733 [24 Pac. (2d) 849]; *Kerby* v. *Elk Grove Union H. S. Dist.*, 1 Cal. App. (2d) 246 [36 Pac. (2d) 431, 94 A. L. R. 1502]).

■ To hold the school district liable for injuries received in this manner it is necessary to allege and prove that the district was guilty of some act of commission or omission amounting to negligence. Thus, if experience had demonstrated that a game of football was likely to be attended by rowdyism and injury to spectators the school district might be held bound to anticipate "such consequences as a reasonably prudent man would anticipate as likely to result therefrom". (*Katz* v. *Helbing*, 205 Cal. 629, 634 [271 Pac. 1062, 62 A. L. R. 825].) But we cannot say as a matter of law that rowdyism is the natural attendant of a game of football or that the district should have foreseen that such would be the result of this particular game. The complaint does not allege that the district, or any of its employees, had knowledge of the alleged rowdyism, nor that these employees failed to do any act which failure was negligence on their part. The general allegation that the district negligently and carelessly failed to exercise supervision over the conduct of the students is unavailing when no facts are alleged upon which the conclusion of negligence is based. It may be taken for granted that a school district is required to exercise reasonable supervision over its students while the school is in session, but, even under such circumstances "the law does not make school districts insurers of the safety of

the pupils at play or elsewhere". (*Goodman* v. *Pasadena City H. S. Dist., supra.*)

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.