[Civ. No. 4485. Fourth Dist. Nov. 25, 1953.]

WALTER STEPHEN FORD, a Minor, etc., Respondent, v. RIVERSIDE CITY SCHOOL DISTRICT, Appellant.

Thompson & Colgate, H. L. Thompson, Roy W. Colgate and Robert D. Allen for Appellant.

Reid & Waugh, Enos C. Reid, Best, Best & Krieger, Eugene Best and Gerald Brown for Respondent.

MUSSELL, J.—This is an action for damages for personal injuries. It is alleged in the complaint that on May 10, 1949, plaintiff, a minor of the age of 9 years, was a pupil at the Bryant Elementary School in the city of Riverside; that during the morning recess, he and another third grade pupil (James Miller) were pulling thorns from a palm tree in a shrub area on the school grounds; that as James Miller was pulling a thorn, it suddenly came loose, the force of the pull driving the point of the thorn into the left eye of the plaintiff, severely injuring it; that the damages and injury to plaintiff were occasioned by the direct result of the negligent, reckless and careless management, operation, control and supervision of said school and school grounds by the defendants and that the defendants negligently, recklessly and carelessly maintained and allowed to be maintained, under their direction and control and with their knowledge the said shrub area and palm tree; that the said palm tree and the said palm tree thorns thereof is a dangerous agency and was so known by the defendants; that defendants failed to prune said palm tree and to prune off said palm tree thorns or to take any precautions to protect children from them.

The action was dismissed as to defendants Robertson and Moan and a jury trial was had resulting in a verdict for plaintiff in the sum of $15,000. Defendant Riverside School District appeals from the judgment.

### Facts

The Bryant school buildings and grounds occupy a city block in a residential section in the city of Riverside. There are two school buildings on the property, the main building, located on the south side of the school grounds about midway between the southwest and southeast corners of the block and a small classroom building situated on the west side of the block a short distance northwest of the main building. The remainder of the school yard, with the exception of certain shrub areas is an open playground. The entire school ground is raised above the surrounding sidewalk and street level and a concrete wall encompasses the grounds on all sides. At the southeast corner of the block, the top of this concrete wall and the school ground are approximately 2 to 3 feet above the adjacent sidewalk. At the time of the accident, shrubs, including rosebushes, were planted next to the two buildings and there were two shrub areas, one at the southwest corner and the other at the southeast corner of the grounds. The

area at the southeast corner covered a triangular area extending a distance of approximately 30 feet from the extreme corner in all directions inward toward the school ground. Seventeen or eighteen varieties of shrubs were planted in this area, many of which were bushy and close together, ranging in height from 4 to 10 feet and in width from 2 to 6 feet. Among these shrubs were three ornamental date palm trees of the same species. Two of them were located near the borders of the area toward the playground and the third was situated in the extreme southeast corner of the yard, the base of the tree being about 3 to 4 feet inward from the concrete retaining wall. This tree was about 10 or 11 years old, was about 10 to 12 feet in height and the lower fronds were approximately four feet above the ground level. At the base of the branches or fronds of the tree there were sharp thorns or growths several inches in length. The remaining shrubs, trees and bushes formed a semicircular ring around this corner palm and the density and height of the other shrubs and trees rendered this tree almost invisible to a person looking to the southeast corner from any point within the playground area.

On the day of the accident, plaintiff was a third grade student. When the morning recess commenced, the entire third grade class, with the exception of plaintiff and his friend, James Miller, left the school building by the west door and proceeded immediately to their assigned playground area in the northwest section of the school yard. The two boys were the last to leave the building, "at the back, the last of the children, the back part." As soon as they arrived outside, they decided to proceed to the shrub area in the southeast corner of the block to obtain "some palm thorns" with which to play. They observed a teacher on the west side of the playground and in order to avoid being seen by her, they "waited until the teacher got to the other side of the building." They then immediately went to the shrub area and "then started playing with the thorns." Plaintiff testified that while he was going over there, he had a feeling inside that he was doing something wrong. When the two boys reached the palm tree in the southeast corner of the shrub area, they commenced pulling on one of the "thorns" or sharp spiney growths near the base of the branches of the tree. Plaintiff "started pulling and twisting it" and "got it a little loose." At the time of the accident James was tugging at the thorn and plaintiff was standing behind him looking over his shoulder, when sud-

denly the thorn came out, James fell back, and the thorn went over his shoulder and into plaintiff's left eye.

For many years there had been a rule of the school prohibiting the pupils from entering or playing in the shrubs or shrub area. Pupils playing in this area would trample the ground and interfere with the custodian's proper care of the trees and shrubs. On occasion, children had injured or damaged the shrubs, and while playing in the area, were not readily observable to the teachers. At the commencement of each school term this rule was formally announced to the classes. On occasion, the principal would go from room to room reminding the children not to play in the shrubs and at times she sent formal notes to that effect to be read to the classes by the classroom teachers. When infractions of the rule occurred, students were individually cautioned against entering the forbidden area and sometimes were ''chased'' and removed from the shrub area by the teachers and punished for violation of the rule. Plaintiff was thoroughly familiar with the rule at all times during the three years in which he attended the school and testified that about three weeks prior to the accident a message was read to his class by someone admonishing the children to ''stay from this corner — the shrubs, and to stay away from the thorns because they might hurt you.''

During the recess period there were approximately 200 pupils playing on the school ground and there were 34 students in the third grade. Mrs. Fulton, one of the teachers, was in charge of supervising pupils during the recess period. She was assisted by the principal (Miss Robertson) and a safety committee of fifth and sixth grade students which was ''functioning.''

Appellant first contends that the evidence is wholly insufficient to establish liability against the school district under the Public Liability Act of 1923; that as a matter of law, the shrub area, together with the palm tree, was not a ''dangerous or defective condition of school grounds or property'' within the meaning of said act and that the evidence is insufficient to show that ''the governing or managing board of the Riverside City School District or other board or officer or person having authority to remedy such condition'' had knowledge of any dangerous or defective condition of the school ground.

The Public Liability Act of 1923 as it existed at the time of the accident (Stats. 1923, p. 675; 2 Deering's Gen. Laws, Act 5619, subd. 2, is as follows:

"Counties, municipalities and school districts shall be liable for injuries to persons and property resulting from the dangerous or defective condition of public streets, highways, buildings, grounds, works and property in all cases where the governing or managing board of such county, municipality, school district, or other board, officer or person having authority to remedy such condition, had knowledge or notice of the defective or dangerous condition of any such street, highway, building, grounds, works or property and failed or neglected, for a reasonable time after acquiring such knowledge or receiving such notice, to remedy such condition or failed and neglected for a reasonable time after acquiring such knowledge or receiving such notice to take such action as may be reasonably necessary to protect the public against such dangerous or defective condition."

Appellant argues that any physical object, be it real or personal, stationary or movable, can be deemed "dangerous or defective" depending upon the use to which it is put, and that it would be difficult to conceive of any object commonly found upon the school ground, which, if applied to some hazardous use foreign to the purpose for which it was intended, could not become "dangerous or defective," using such words in their proper sense, and that all of the common ornamental shrubbery found in southern California, harmless when devoted to the purpose for which it was created or maintained, can, by misuse, be converted into an instrumentality of danger to life and limb.

In *Beeson* v. *City of Los Angeles,* 115 Cal.App. 122, 132 [300 P. 993], it is said:

"We are of the opinion that in passing and adopting section two of the act approved June 13, 1923, the legislature intended to limit the liability of the city for damages resulting from defective streets, works or property to damages suffered in the ordinary, usual and customary use thereof. As was said in the case of *Commonwealth* v. *Allen,* 148 Pa.St. 358 [33 Am.St.Rep. 830, 16 L.R.A. 148, 23 Atl. 1115] : 'As a general rule, highways and bridges are constructed for ordinary use, in an ordinary manner, and not for an unusual or extraordinary use, either by crossing at great speed or by the passing of a very large and unusual weight. A township is not bound to do more than to so construct its bridges as to protect the public against injury by a reasonable, proper, and probable use there, in view of the surrounding circumstances, such

as the extent, kind, and nature of the travel and business over them.' ''

This rule was again stated in *Demmer* v. *City of Eureka*, 78 Cal.App.2d 708, 713 [178 P.2d 472], where it was held that the city of Eureka was not liable under the cited statute for the death of a child who had left the street on which he was walking, became attracted to a pond which extended over part of the street, climbed on a log, used it as a plaything, paddled it out on the pond, fell off and was drowned. It is there said, at page 712:

''One who enters the premises of another as a trespasser or mere licensee does so at his own risk, and the owner owes him no duty to keep the premises in a safe condition. His only duty is to abstain from wanton or wilful injury.'' (Citing cases.)

In *Woodman* v. *Hemet Union High Sch. Dist.*, 136 Cal.App. 544, 553 [29 P.2d 257], this court held:

''It is our conclusion that under the terms of the Public Liability Act, a public agency should only be held liable for damages resulting from the defective condition of its property in its ordinary, usual and customary use, and not from the unauthorized and unusual use shown in the instant case.''

In *Howard* v. *City of Fresno*, 22 Cal.App.2d 41 [70 P.2d 502], plaintiff children were injured while playing in a trash burning area in a city park. This area was about 300 feet from the children's playground. The trash burning area had been maintained by the city for about six years. There was no evidence that any person other than the plaintiffs had been injured or burned in this area which was surrounded by trees and well isolated. Judgment for plaintiffs was reversed and it was held, at page 44:

''That a municipality is not an insurer against accidents on its streets or property; that it is required to guard against dangerous or defective conditions of which its responsible representatives have actual or constructive notice; that it is not sufficient that the municipal representatives have notice of the condition but that they also must have notice 'of the dangerous character of such condition' (*Whiting* v. *City of National City, supra* [9 Cal.2d 163 (69 P.2d 990)]); that the question of the dangerous character of a defective condition depends largely on the intended lawful use of the property. (*Rodkey* v. *City of Escondido, supra* [8 Cal.2d 685 (67 P.2d 1053)]; *Beeson* v. *City of Los Angeles, supra*.)''

In *Betts* v. *City & County of San Francisco,* 108 Cal. App.2d 701 [239 P.2d 456], plaintiff's 7-year-old son was playing about a city reservoir with another boy about the same age. When they decided to get a drink of water out of the pipe where the water was thrown upon a spillway, they climbed over a picket fence and descended the side of the reservoir. The deceased went first and, while trying to drink out of the pipe, lost his footing, slipped into the water and was drowned. It was there held that the Public Liability Act, here involved, applied only when the injured party was using the public property in the ordinary and usual manner in which the property would be used.

In the instant case there was uncontradicted evidence that the palm tree involved was in the shrub area where the accident happened for many years; that trees of the same kind are ornamental trees and are known as ornamental date palms; that the city of Riverside owned and maintained in its parkways and parks some 15,000 of such trees in 1949. There is no evidence that any person, pupil or otherwise, had ever been injured by these trees, or any of them. No complaints had ever been made to the school authorities concerning them and no prior accident, if any, had ever been reported. The use of these trees was unquestionably for ornamental purposes. The area involved was not intended to be used as a playground and the school authorities by rule and by conduct attempted to keep all of the school children out of it.

Plaintiff, well aware of the school rule prohibiting the students from entering the shrub area, was a trespasser, and his injuries resulted from an unauthorized and prohibited use of the tree involved. The area in which it was situated was isolated and not a part of the school playground. It is our conclusion that, under the circumstances shown by the record, the tree in question did not constitute a "dangerous or defective condition" of the public school ground within the meaning of the cited Public Liability Act. To hold otherwise is to declare that a liability exists in favor of minors injured as a result of their own misconduct and misuse of ornamental palm trees in all public parks, parkways, and school grounds in the state where such trees are accessible to the public.

One of the conditions precedent to the establishment of liability under the statute is that the school district or its officers must have had notice of the dangerous character,

if any, of the property. (*Howard* v. *City of Fresno, supra.*) Here, the tree involved had been in place for many years. There is no evidence that prior to the date of the accident anyone had been injured by it or that the school authorities knew that the students or any of them had removed branches or thorns therefrom.

Appellant next contends that the evidence is insufficient to establish liability against defendant school district under the provisions of section 1007 of the Education Code. There is no evidence to support any implied finding by the jury that the defendant negligently failed to supervise the conduct of the pupils, including plaintiff or James Miller, during the recess period or that plaintiff's injury was proximately caused by any lack of reasonable supervision.

Section 1007 of the Education Code reads:

"The governing board of any school district is liable as such in the name of the district for any judgment against the district on account of injury to person or property arising because of the negligence of the district, or its officers, or employees in any case where a verified claim for damages has been presented in writing and filed with the secretary or clerk of the school district within ninety (90) days after the accident has occurred. The claim shall specify the name and address of the claimant, the date and place of the accident, and the extent of the injuries or damages received."

In *Pirkle* v. *Oakdale Union Grammar Sch. Dist.*, 40 Cal.2d 207, 210 [253 P.2d 1], it was held that the standard of care required of an officer or employee of a public school is that which a person of ordinary prudence, charged with his duties, would exercise under the same circumstances. (Citing cases.)

In *Weldy* v. *Oakland High Sch. Dist.*, 19 Cal.App.2d 429, 431 [65 P.2d 851], it is said:

"The liability of a school district for injuries to its students rests upon section 2.801 of the School Code (Stats. 1931, p. 2487), which permits recovery only when the injuries arise from 'the negligence of the district or its officers or employees.' The statute does not create a liability upon the district for injuries arising from the unlawful or wilful misconduct of its students. (*Whiteford* v. *Yuba City Union H. S. Dist.*, 117 Cal.App. 462, 464 [4 Pac. (2d) 266]), nor for injuries arising from the negligence of a fellow student." (Citing cases.)

It is further stated therein that the law does not make school districts insurers of the safety of the pupils at play

or elsewhere. Citing *Goodman* v. *Pasadena City High School Dist.*, 4 Cal.App.2d 65 [40 P.2d 854].

It is alleged in the complaint that the defendants were negligent and careless in supervising the children during the recess period. The particular and only act alleged is that defendant negligently failed to keep the plaintiff and his companion away from the shrub area and the palm tree. The evidence shows without conflict that the boys were warned by the teachers to stay away from the area; that they purposely endeavored to and did hide from the teacher. It is not alleged, and there was no substantial evidence introduced showing that the teachers in charge of the playground failed to exercise the same care as that which a person of ordinary care, charged with his duties, would exercise under the same circumstances. The evidence shows that the school authorities had no knowledge or notice of any dangerous practice engaged in by the school students in connection with the palm tree. There is no evidence that any of the teachers could reasonably expect that the plaintiff would surreptitiously visit the shrub area during the recess period or that the yard supervisors had knowledge of his concealed presence at the palm tree.

Plaintiff argues that the question of the existence of a "dangerous or defective condition of grounds" within the meaning of the Public Liability Act of 1923 is a matter for the jury. Citing *George* v. *City of Los Angeles*, 11 Cal.2d 303 [79 P.2d 723], and *Norton* v. *City of Pomona*, 5 Cal.2d 54 [53 P.2d 952]; that under the provisions of section 1007 of the Education Code the question as to whether there is liability is to be determined by the ordinary negligence rules as to whether district officers or employees (teachers) ought to have seen and prevented an injury; that this question is one of fact to be resolved by the jury. Citing *Bellman* v. *San Francisco High Sch. Dist.*, 11 Cal.2d 576 [81 P.2d 894], holding that the implied finding of the jury that the employees of the school district were negligent is conclusive if there is substantial evidence which, when read with the inferences most favorable to the respondent, supports the verdict. The rules stated in the cited cases are subject to the limitation that there must be substantial evidence to support the findings of the court or jury. (*Berniker* v. *Berniker*, 30 Cal.2d 439, 444 [182 P.2d 557].) Where, as here, there is no conflict, it is the province of the court to determine as a matter of law whether

there is substantial evidence upon which a finding of negligence may be based.

Since we conclude that the evidence is insufficient to establish liability against the defendant Riverside City School District under the Public Liability Act of 1923 or the provisions of section 1007 of the Education Code, it is unnecessary to pass upon the other grounds urged for reversal.

Judgment reversed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied December 16, 1953, and respondent's petition for a hearing by the Supreme Court was denied January 20, 1954. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.