Benjamin Brenner, J.
The infant plaintiff, while standing on a line in the school corridor which formed from the desk inside the office of the assistant principal and which extended out into the corridor, had her fingers caught in the doorjamb of a nearby classroom when she was thrown back by several unruly and scuffling children ahead of her on the line, just as the door of the classroom was being closed. The assistant principal was accepting lunch money from the pupils and had *163 assigned a student to monitor the line both in and outside her office. The infant was injured while the monitor was inside the office. The pushing and scuffling on the corridor portion of the line occurred in the monitor’s absence. The infant testified that the children on line were boisterous and out of hand on the day in question and on prior occasions, testimony which was contradicted by the assistant principal.
The jury apparently credited plaintiff’s claim that lack of adequate supervision as to a foreseeable danger was the proximate cause of the infant’s injuries and rendered a verdict for $2,500 for the infant, and of $75 for medical expenses. I am satisfied that the uncontroverted evidence amply establishes that the immediate and proximate physical cause of the infant’s injuries consisted of the concurring circumstances of the infant being thrown back toward the door and the accidental shutting thereof. But the central issue of fact is not the physical forces which gave rise to the injuries, but the claimed lack of adequate supervision as being the proximate cause of such injuries. The verdict in favor of the plaintiffs on this score is clearly against the weight of the credible evidence and contrary to law.
True, negligence is a breach of duty and is ‘ ‘ relative to time, place and circumstance ” (Caldwell v. Village of Is. Park, 304 N. Y. 268). Yet the neglect here claimed to constitute a breach of the duty of adequate general supervision, related to the time, place and circumstance disclosed by the evidence, do not spell out a foreseeable danger when considered in the light of established authority that all movement of pupils need not be under constant scrutiny (Wilber v. City of Binghamton, 271 App. Div. 402, affd. 296 N. Y. 950).
The monitor’s attendance and her supervision under the direction of the assistant principal was undeniably adequate and served to keep the line in order while she was in attendance. Her momentary absence while attending to the portion of the line inside the office of the assistant principal during the disorder or the impulsive actions of the children do not establish a lack of such adequate supervision. The prior misbehavior of the children, even if plaintiffs’ version of their conduct be accepted, cannot possibly be the basis of a finding of fact that it represented a truly foreseeable danger to the children on the line. While there are several distinguishing factors between the case at hand and that of Bertola v. Board of Educ. of the City of N. Y. (1 A D 2d 973), both cases do have in common the crucial factor that “ closer supervision could not have been reasonably apprehended” (Ohman v. *164 Board of Educ. of the City of N. Y., 275 App. Div. 840, affd. 300 N. Y. 306).
The verdicts for plaintiffs are set aside. The motion for a directed verdict for the defendant is granted. All other motions are denied.