[Civ. No. 18971. First Dist., Div. Two. Jan. 17, 1961.]

RONALD J. WOODSMALL, a Minor, etc., et al., Respondents, v. MOUNT DIABLO UNIFIED SCHOOL DISTRICT, Appellant.

Clark, Heafey & Martin, Schofield & Cunningham and Richard G. Logan for Appellant.

Weinmann, Rode, Burnhill & Moffitt, Robert C. Clifford and Cyril Viadro for Respondents.

KAUFMAN, P. J.—This is an action for personal injuries sustained by the minor plaintiff, Ronald J. Woodsmall, when he was pushed by another pupil on school property. Plaintiff, Robert A. Woodsmall, is his father and guardian *ad litem*. Ronald's teacher, J. T. Kaar, was originally made a defendant but the action was dismissed as to him and went to trial as to the school district only. A jury was waived, and after a brief trial, the court found that Ronald was injured as a direct and proximate result of the negligence of the school district, and entered judgment in favor of Ronald for $5,270, and in favor of his father for $195. Defendant appeals, arguing that the evidence does not sustain the judgment and that the damages are excessive as a matter of law.

There is no dispute as to the facts. On June 6, 1957, Ronald Woodsmall was 9 years old, and a student in the fourth grade at Monte Gardens School, operated and maintained by the defendant. There were 30-35 students in Ronald's class.

At about 1:15 p. m., the class was scheduled to go to the playground for their regular physical education period. The playground was between 50 and 100 yards away from the classroom, about a 30-second walk. The pupils formed two lines, the boys in one and the girls in another, and filed out of the classroom. Ronald was toward the front of the boys' line. The teacher, Mr. Kaar, remained behind to lock the door of the classroom. From this position, he could see only about two-thirds of the line of children moving from the doorway to the playground. The front third of the line passed from his view as the children entered the playground.

When the front of the line of children reached the playground, they began to run toward the basketball goal post where the class was to line up for physical education instruction from Mr. Kaar. Ronald was the third boy to reach the area of the goal post. While he was running, he was pushed into a baskeball goal pole by the boy behind him. Ronald fell and injured his two front teeth. About 30 seconds after the accident, just as Ronald was getting up, Mr. Kaar arrived. Ronald testified that the pupils had been instructed to walk in the corridors, but were allowed to run when they reached the black-topped recreation area.

It was the responsibility of the teacher to see that all children cleared the room and then to lock the classroom door so

that no one could remain in the classroom unattended. A rule of the school district also required that no children were to be allowed in the school yard without supervision. Another class was scheduled to be on the playground at the same time as the plaintiff's class but apparently had not yet arrived. The undisputed evidence showed that no supervisory personnel were on the playground at the time.

The principal contention on appeal is that the evidence is insufficient to support the judgment. There is no question that the liability of the defendant must be based on section 903 of the Education Code (formerly § 1007, without substantial changes as amended Stats. 1959, ch. 1727, § 1), which provides that a school district is liable for any judgment against the district on account of injuries to persons or property arising because of the negligence of the district or its officers or employees. Lack of supervision of pupils or improper supervision may constitute negligence on the part of the school district. (*Tymkowicz* v. *San Jose etc. School Dist.*, 151 Cal.App.2d 517, 520 [312 P.2d 388].) Defendant concedes that failure to provide supervision may result in actionable negligence, but argues that there is insufficiency of the evidence to show that inadequate supervision was a proximate cause of the injury.

There is no question that Mr. Kaar was an employee of the school district and familiar with the regulation prohibiting unsupervised children on the playground. The standard of care required by the statute is that which a person of ordinary prudence, charged with his duties, would exercise under the same circumstances. (*Pirkle* v. *Oakdale Union etc. School Dist.*, 40 Cal.2d 207, 210 [253 P.2d 1].)

 "It was not necessary to prove that the very injury which occurred must have been foreseeable by the school authorities in order to establish that their failure to provide the necessary safeguards constituted negligence. Their negligence is established if a reasonably prudent person would foresee that injury of the same general type would be likely to happen in the absence of such safeguards. (*Taylor* v. *Oakland Scavenger Co.*, 17 Cal.2d 594, 600 [5] [110 P.2d 1044].)" (*Lehmuth* v. *Long Beach Unified Sch. Dist.*, 53 Cal.2d 544 at 553 [2 Cal.Rptr. 279, 348 P.2d 887].) However, there must be a proximate causal connection between the inadequacy of the supervision and the accident. (*Forgnone* v. *Salvador U. E. School Dist.*, 41 Cal.App.2d 423, 426 [106 P.2d 932].)

The cases cited and relied upon by the plaintiffs are readily distinguishable as the evidence disclosed dangerous conduct of others which exposed the victim to harm or dangerous circumstances under which there was a failure on the part of the school district to exercise ordinary care to stop or prevent the dangerous act or circumstances and there was substantial evidence from which a trier of fact could reasonably infer that the harm would not have resulted had this duty been performed. In the instant case, there is no such evidence. Rather, the uncontroverted evidence leads to the conclusion that supervision would have made no difference as the proximate cause of the accident was the pupil who pushed Ronald. The statute does not impose liability on a school district for injuries arising from the unlawful or wilful misconduct of its students, nor injuries arising from the negligence of a fellow student. (*Reithardt* v. *Board of Education*, 43 Cal.App.2d 629 [111 P.2d 440].) In that case, a fellow pupil suddenly seized the plaintiff who was sitting safely on a ledge and dragged her to the floor. In holding that the accident was not of a type which could have reasonably been anticipated by the school, the appellate court said:

" 'To hold the school district liable for injuries received in this manner it is necessary to allege and prove that the district was guilty of some act of commission or omission amounting to negligence. Thus, if experience had demonstrated that a game of football was likely to be attended by rowdyism and injury to spectators the school district might be held bound to anticipate "such consequences as a reasonably prudent man would anticipate as likely to result therefrom." (*Katz* v. *Helbing*, 205 Cal. 629, 634 [271 P. 1062, 62 A.L.R. 825].) . . . .' "

In *Wright* v. *City of San Bernardino Sch. Dist.*, 121 Cal. App.2d 342 [263 P.2d 25], the plaintiff was a pupil in a physical education class conducted for a select group of high school students who were interested in making the varsity tennis team or improving their work on the team for interscholastic competition. The plaintiff, while running from the gymnasium after participating in a handball game, was struck in the eye by a tennis ball thrown by another pupil engaged in a different game in a different part of the gymnasium. In affirming a judgment of nonsuit, the appellate court pointed out that this was one of those events which could occur equally as well in the presence of the teacher as during her absence.

We think the instant case is on all fours with *Conway* v. *Board of Education of City of New York* (1958), 11 Misc.2d 162 [171 N.Y.S.2d 533]. There, the minor plaintiff was standing in a line in the school corridor. The line formed from the desk inside the office of the assistant principal and extended out into the corridor. The plaintiff's fingers were caught in the door-jamb of a nearby classroom when she was thrown back by several unruly and scuffling children ahead of her in the line. The assistant principal was accepting lunch money from the pupils and had assigned a student to monitor the line both in and outside her office. The plaintiff was injured while the monitor was inside the office. The pushing and scuffling on the corridor portion of the line occurred during the absence of the monitor. The plaintiff testified that the children in line were boisterous and out of hand on the day in question and had been so on prior occasions; this testimony was contradicted by the assistant principal.

The court in reversing a jury verdict in favor of the plaintiff said at page 535 [171 N.Y.S.2d] : "True, negligence is a breach of duty and is 'relative to time, place and circumstance' (*Caldwell* v. *Village of Island Park,* 304 N.Y. 268, 107 N.E.2d 441, 443). Yet the neglect here claimed to constitute a breach of the duty of adequate general supervision, related to the time, place and circumstance disclosed by the evidence, do not spell out a foreseeable danger when considered in the light of established authority that *all* movement of pupils need not be under *constant* scrutiny (*Wilber* v. *City of Binghamton,* 271 App.Div. 402, 403, 66 N.Y.S.2d 250, 251, affirmed 296 N.Y. 950, 73 N.E.2d 263)."

*Sanchick* v. *Board of Education of the City of New York,* 11 Misc.2d 876 [172 N.Y.S.2d 748], is also relevant. The court held that where conduct of students, while proceeding from classroom on fourth floor of school building to classroom on fifth floor, was not so unruly or disorderly that if teacher had been at her post instead of conversing with another teacher in the hall nearby she would have been required to take some positive action to restore order, there was no such negligence as would render Board of Education liable.

██ Ordinarily, whether or not a school district is negligent in providing adequate supervision is a question of fact. (*Lehmuth* v. *Long Beach Unified Sch. Dist.,* 53 Cal.2d 544 [2 Cal. Rptr. 279, 348 P.2d 887] ; *Ziegler* v. *Santa Cruz City High Sch. Dist.,* 168 Cal.App.2d 277, 284 [335 P.2d 709].) ██ However, in the instant case, there is no evidence to support any

implied finding by the trial court that Ronald's injury was proximately caused by any lack of reasonable supervision. (*Ford* v. *Riverside City School Dist.*, 121 Cal.App.2d 554 [263 P.2d 626].) We think that to hold otherwise under the facts here presented would make the school district an insurer and require the constant supervision of all movements of pupils at all times. This is clearly not the law. A school district is required to exercise reasonable supervision over its students while the school is in session, but, even under such circumstances "the law does not make school districts insurers of the safety of the pupils at play or elsewhere." (*Goodman* v. *Pasadena City H. S. Dist.*, 4 Cal.App.2d 65 [40 P.2d 854]; *Weldy* v. *Oakland High School Dist.*, 19 Cal.App.2d 429, 431 [65 P.2d 851]; *Ford* v. *Riverside City School Dist.*, *supra*.)

In view of the foregoing, the judgment must be reversed. Judgment reversed with directions to the trial court to enter judgment for defendant.

SHOEMAKER, J.—I concur in the judgment.

It is true, as the dissent recites, that the teacher testified that the children had been instructed during *this period* not to run when they reached the black-top area. However, in my opinion the running is of no moment for it was not the proximate cause of the youngster's injury, rather, it was the shove he received when he had reached the area where a line had begun to form and in which he was to take his place. Under the circumstances developed by the evidence in this case, the law does not require supervision constant to every phase of the class activity. This accident took place just prior to the commencement of a class period, which as to older children would be classified as a gym period, and appears to me to be governed by the authority of *Reithardt* v. *Board of Education*, 43 Cal.App.2d 629 [111 P.2d 440] (discussion at pages 632, 633 being particularly appropriate to the present situation).

Since there is no contention that the play area was defective in any manner, an affirmance of the judgment must be based upon the failure to supervise as the cause of plaintiff's injury. In view of the authorities cited in the majority opinion, this cannot be done.

DRAPER, J.—I dissent.

This case presents only a conflict of evidence. It is the province of the trial court alone to resolve conflicts in the testimony and to draw reasonable inferences from the testimony which is accepted.

The majority opinion correctly summarizes plaintiff's testimony that students were required to walk in the corridor, but were permitted to run when they reached the black-topped recreation area. That opinion, however, overlooks the flatly contrary testimony of the teacher, who said that children were *not* allowed to run in that area when they went to the physical education period. The trial court obviously resolved this conflict by accepting the teacher's testimony.

It is a completely reasonable inference that if the teacher had been present, the running would not have occurred (see *Forgnone* v. *Salvador U. E. School Dist.*, 41 Cal.App.2d 423, 425 [106 P.2d 932]). It was equally reasonable for the trial court to infer from the entire record that the running of the pupils was a major contributing cause of plaintiff's injury. The fact that this court might draw contrary inferences seems to me immaterial in view of the established limitations upon the appellate function.

It is not necessary to prove that the very injury which occurred was foreseeable (*Taylor* v. *Oakland Scavenger Co.*, 17 Cal.2d 594, 600 [110 P.2d 1044]). Even the wilful act of a fellow student (and the record here does not compel the conclusion that the ''pushing'' of plaintiff was wilful or deliberate, rather than accidental), is not of itself such an intervening cause as to relieve a school district of liability (*Charonnat* v. *San Francisco Unified Sch. Dist.*, 56 Cal.App.2d 840 [133 P.2d 643]; *Forgnone* v. *Salvador U. E. School Dist.*, *supra*, 41 Cal.App.2d 423; *Ziegler* v. *Santa Cruz City High Sch. Dist.*, 168 Cal.App.2d 277 [335 P.2d 709]). The issues of negligence and proximate cause are questions of fact (*Tymkowicz* v. *San Jose etc. School Dist.*, 151 Cal.App.2d 517, 521 [312 P.2d 388]). Undoubtedly the record here would support findings in favor of defendant on these issues. But the trial court, in the exercise of the fact-finding function which is vested in it, and not in this court, has found the other way. There is substantial evidence to support its findings.

I would affirm the judgment.

Respondents' petition for a hearing by the Supreme Court was denied March 15, 1961. Peters, J., and Dooling, J., were of the opinion that the petition should be granted.