James Christian CLARK, a minor by Lillian Steinman, his guardian, Appellant,

v.

Randolph W. FURCH, Respondent.

No. 38900.

Missouri Court of Appeals, St. Louis District, Division One.

May 30, 1978.

Cupples, Cooper, Haller, Inc., Clayton, for appellant.

Joseph L. Leritz, St. Louis, for respondent.

SMITH, Judge.

Plaintiff, through his guardian, appeals from a judgment in favor of defendant entered pursuant to a jury verdict. We affirm.

On appeal plaintiff challenges the admission of evidence and the giving of an instruction on contributory negligence on the basis that plaintiff, aged six years and five months at the time of the accident, was incapable of contributory negligence as a matter of law. Defendant takes a contrary view and additionally contends that plaintiff failed to make a case of negligence against defendant. Plaintiff has not addressed the latter issue in his original brief and filed no reply brief.

At the time of the accident, plaintiff was a kindergarten student at Flynn Park School in University City. Defendant was a physical education teacher and was in charge of plaintiff's class of twenty-two students at the time of the accident. The children were on the playground and had been jumping rope pursuant to the instructions of defendant. Near the end of the twenty minute physical education period, defendant permitted the children to engage in free play on the swings, slides, jungle gyms and other playground equipment. Plaintiff, still in possession of a jumping rope, climbed to the top of a jungle gym, tied the rope to the top of the apparatus, started to swing down, fell and broke his arm. Plaintiff had been taught for nearly the entire semester about the use of the playground equipment and knew that his attempted action in swinging from the jungle gym by the rope was dangerous. Plaintiff did not know how long it took him to go from his position on the ground to the top of the jungle gym or how soon thereafter he fell. At the time he started up the apparatus, defendant was looking in a direction away from him. There was no evidence that defendant was inattentive, asleep, or that he saw plaintiff climbing the jungle gym with a rope in his hand. His first knowledge of plaintiff's actions occurred when plaintiff fell. The most that can be said of defendant's knowledge was that he saw plaintiff sitting on the bottom ring of the jungle gym with a rope in his hand at some time before the fall.

Under the facts we find no evidence of defendant's negligence. Defendant's obligation was to exercise ordinary care to supervise the children. He is not an insurer of their safety. *Morris v. Ortiz*, 103 Ariz. 119, 437 P.2d 652 (Ariz. banc 1968); *Smith v. Consolidated School District*, 408 S.W.2d 50 (Mo. banc 1966). Ordinary care does not require having each of twenty-two six-year-olds constantly and continuously in sight. *Conway v. Board of Education of City of New York*, 11 Misc.2d 162, 171 N.Y. S.2d 533 (Sup.Ct.1958). Such would be impossible. There is no indication in the evi-

dence that defendant was inattentive, careless, or was failing to perform his supervisory obligations. There is no indication defendant saw plaintiff in a place of danger or acting dangerously and failed to act. The record is silent on how long it took plaintiff to leave a position of safety and fall, and plaintiff's testimony was that defendant was looking away from plaintiff when he started up the jungle gym. There is no evidence that plaintiff required any special supervision or had previously conducted himself in a dangerous fashion. In short, if negligence by defendant is to be found, it must be solely upon the basis that plaintiff fell while under defendant's supervision. That is an insufficient basis for liability. *Smith v. Consolidated School District, supra; Kersey v. Harbin*, 531 S.W.2d 76 (Mo.App.1975).

Judgment affirmed.

CLEMENS, P. J., and McMILLIAN, J., concur.