[Civ. No. 6150.   Third Appellate District.—August 24, 1939.]

DONNA MAY BUZZARD, a Minor, etc., Respondent, v. EAST LAKE SCHOOL DISTRICT OF LAKE COUNTY, CALIFORNIA, Appellant.

Geary & Geary and C. J. Tauzer for Appellant.

Lovett K. Fraser for Respondent.

THOMPSON, J.—The plaintiff recovered a judgment of $1500 against East Lake School District, as damages for a broken leg sustained as the result of the negligence of a school teacher who had charge of the playgrounds. The plaintiff was run down by a pupil who was permitted to ride his bicycle among the children while they were engaged in playing a game during the recess period. From that judgment this appeal was perfected.

The plaintiff, who was seven years of age, was attending the public school of the defendant district in Lake County. She was a pupil in the third grade of that school. As a part of the athletic training required, she was engaged, with other young pupils during the recess period, in playing a game called "kick-the-can". They were playing on the school grounds under the supervision of a teacher by the name of Anna Hull, who was then present within sight of the pupils. Without objection on the part of Miss Hull, two boys were permitted to ride their bicycles about the playground where the game was being conducted. With the knowledge of the teacher, and without protest on the part of the school district or its officers or employees, the boys had been permitted to ride their bicycles on and about the playgrounds while physical training and the games were being conducted for several months prior to the time of the accident. Without warning a boy by the name of Bob Nylander suddenly ran his bicycle against and over the plaintiff breaking her leg and seriously injuring her. In this suit for damages, the court, sitting without a jury, adopted findings to the effect that plaintiff was injured as the proximate result of the negligence of the defendant and its teacher, Anna Hull, and rendered judgment against the school district pursuant to section 2.801 of the School Code. From that judgment this appeal was perfected.

The appellant contends that neither the pleadings, the findings nor the judgment are supported by the evidence; that the general demurrer to the complaint should have been sustained; and that the plaintiff was guilty of contributory negligence, which bars her right of recovery.

The demurrer was properly overruled. The complaint states a good cause of action against the defendant for the negligence of its teacher and supervisor of physical training and sports of the pupils while she was in charge of the

playgrounds during the period of recess. The complaint alleges that Anna Hull was the duly appointed and acting teacher of the school in actual charge and supervision of the physical training and games which were being conducted on the playgrounds at the time of the accident; that without protest, and with .full knowledge of the dangers incident thereto, the boys were permitted by the teacher to ride their bicycles among the children upon the playgrounds while those exercises were being conducted; that while the plaintiff, with other children, was engaged in playing the game of "kick-the-can", without warning a pupil by the name of Bob Nylander ran his bicycle against and over the plaintiff, knocking her down and breaking her leg, and that her injuries were sustained as a direct result of the "carelessness and negligence of the said defendant, its agents and employees, in compelling the said Donna May Buzzard to play a game *in a dangerous and unsafe place on the school-grounds,* and while under the supervision and direction of the said defendant, its agents and employees".

It is contended there is a fatal variance between the allegations of the complaint and the proof adduced; that the negligence alleged consists of injuries received by the plaintiff while she was playing a game which she was "compelled" to participate in, and the uncontradicted evidence shows that she was voluntarily playing the game of "kick-the-can" at the time she was injured. The demurrer was general in its form. There was no specification of uncertainty in the allegations of the complaint. Paragraph VI of the complaint specifically alleges that the plaintiff was compelled to play the game "in a dangerous and unsafe place and in the presence of Anna Hull". Paragraph VIII alleges that the plaintiff was injured as a result of the negligence of the defendant in compelling the plaintiff to play the game "in a dangerous and unsafe place". It is immaterial whether the plaintiff was actually compelled to play the game of "kick-the-can", or that she was injured while voluntarily playing that game as a part of her recess recreation, for the accident occurred on the school playgrounds during the period of recess while the pupils were under the personal supervision of the teacher. Section 5.543 of the School Code provides in that regard:

"Every teacher in the public schools must hold pupils to a strict account for their conduct on the way to and from school, *on the playgrounds or during recess.*"

Among the "Duties of Principals and Teachers" required by the State Board of Education, found in section III, subdivision "D" of the School Code of California in 1929, is the following provision:

"Where special playground supervision is not provided, teachers shall supervise the conduct and direct the play of the pupils of their classes in the school or on the schoolgrounds during the intermissions and before and after school. . . ."

A fair construction of the allegation of the complaint, in the absence of a special demurrer for uncertainty, is that the defendant failed to maintain a safe condition of the playgrounds by neglecting to prohibit the riding of bicycles among the children thereon while they were engaged in playing games. We are of the opinion the demurrer was properly overruled.

The findings and judgments are adequately supported by the evidence. It was the duty of the teacher, Miss Hull, to regulate the conduct of pupils in their sports on the playground during the periods of recess. We are of the opinion it constituted negligence to permit pupils to ride bicycles about the playground among the children while they were engaged in playing games under the circumstances of this case. The teacher knew that the boys had been in the habit of doing so for several months prior to the time of the accident. She saw them riding their bicycles among the children where they were playing the game of "kick-the-can", on the occasion just prior to the accident. No effort was made to stop that dangerous practice.

Under the provisions of section 2.801 of the Sch‹ Code, as it existed at the time of the accident which is volved in this litigation, public school districts are lia for damages "on account of injury to persons or prop‹ arising because of the negligence of the district, or its off‹ or employees". It was not then necessary for a ve‹ claim for such damages to have been filed with the cl. the board as a prerequisite for maintaining the action. amendment of that section requiring a verified clai‹ damages to be filed within ninety days after the acc‹

occurs did not become effective until August 27, 1937. (Stats. 1937, page 414.)

The findings and judgment are adequately supported by the evidence.

The evidence shows without dispute that Miss Hull was present, standing within fifty feet of the place where the accident occurred, and that she then had supervision of the pupils in their physical education and in the playing of games; that she actually saw Bob Nylander and another boy riding their bicycles within a few feet of the place where Donna May Buzzard and the other children were engaged in playing the game of "kick-the-can"; that she actually knew of their riding their bicycles about the playgrounds during the playing of games ever since Christmas, which was two and a half months prior to the time of the accident, and that while they were forbidden from riding "in front of the school or around the corners," they were not instructed to refrain from riding among the children on the playground.

It has been held that a school district is liable for damages for injuries sustained by a pupil on account of the negligence of its teachers and agents, resulting from the use of defective and dangerous machinery, equipment, explosive chemicals, or improper supervision of the playgrounds. (*Bellman* v. *San Francisco High School Dist.*, 11 Cal. (2d) 576 [81 Pac. (2d) 894]; *Taylor* v. *Oakland High School Dist.*, 12 Cal. (2d) 310 [83 Pac. (2d) 948]; 23 Cal. Jur. 109, sec. 76, 10 Cal. Jur. 10-year Supp. 237, secs. 77 d–i.) Regarding the question of negligence, the Supreme Court said in the Bellman case, *supra*:

"The question is whether the school officials used the same care as persons of ordinary prudence, charged with the duty of carrying on the public school system, would use under the same circumstances. . . . What is ordinary care depends upon the circumstances of each particular case and is to be determined as a fact with reference to the situation and knowledge of the parties."

In the Taylor case, *supra*, it was held to be negligent for the district to permit a garbage truck to drive upon the school grounds without proper restrictions when that conduct results in injuries to a pupil thereon.

In support of its assertion that the defendant is not liable for negligence in failing to prohibit the riding of bicycles among the pupils on the playground under the circumstances

of this case, the following cases are relied upon: *Weldy* v. *Oakland High School Dist.*, 19 Cal. App. (2d) 429 [65 Pac. (2d) 851], *Goodman* v. *Pasadena City High School Dist.*, 4 Cal. App. (2d) 65 [40 Pac. (2d) 854], *Kerby* v. *Elk Grove Union High School Dist.*, 1 Cal. App. (2d) 246 [36 Pac. (2d) 431, 94 A. L. R. 1502], *McCloy* v. *Huntington Park Union High School Dist.*, 139 Cal. App. 237 [33 Pac. (2d) 882], *Underhill* v. *Alameda Elementary School Dist.*, 133 Cal. App. 733 [24 Pac. (2d) 849], *Hack* v. *Sacramento City Junior College Dist.*, 131 Cal. App. 444 [21 Pac. (2d) 477], and *Ellis* v. *Burns Valley School Dist.*, 128 Cal. App. 550 [18 Pac. (2d) 79].

There is nothing in these cases at variance with what we have previously said regarding the negligence of the defendant in this case for failure to properly supervise pupils on the playgrounds of the school prohibiting students from riding bicycles among the children while they are engaged in playing games. Each of the cases relied on by the appellant was properly determined upon the particular facts involved therein. They may be readily distinguished from the circumstances upon which the present case was decided. Most of the last cited cases were founded on claims for injuries sustained by pupils on account of the conduct of other students engaged in playing games on the school premises, over which the supervisors of sports had no control, and which acts could not have been reasonably anticipated. None of those cases present accidents which were the result of negligent omissions to regulate the conduct of pupils on the playgrounds with respect to known acts or practice of pupils from which, by the exercise of reasonable prudence the school authorities should have anticipated that injuries were likely to follow.

There is no evidence that the plaintiff was guilty of contributory negligence. That was an issue for the determination of the trial court. There is an abundance of evidence to support the finding that she was free from contributory negligence.

The judgment is affirmed.

Tuttle, J., and Pullen, P. J., concurred.