[Civ. No. 6369.   Third Appellate District.—November 6, 1940.]

CECELIA FORGNONE, a Minor, etc., et al., Appellants, v. SALVADOR UNION ELEMENTARY SCHOOL DISTRICT (a Corporation), Respondent.

424

Caulfield & Keil for Appellants.

Mervin C. Lernhart for Respondent.

THE COURT.—The plaintiff has appealed from a judgment which was rendered against her pursuant to an order sustaining a demurrer to an amended complaint. The complaint seeks to recover damages for negligence of the Salvador Union Elementary School District for failing to provide supervision of its pupils during an intermission of school while they were eating their luncheons in a school room, during which time a fellow student in scuffling with Cecelia Forgnone twisted and broke her arm. It is alleged that no teacher or supervisor was present in the school room when the accident occurred.

The amended complaint alleged that Cecelia Forgnone, a minor student at the Salvador Union Elementary School, while "eating her lunch . . . in the class-room", was engaged by a fellow student in a scuffle which resulted in the twisting and breaking of her arm. It is further alleged that the fractured arm was the direct result of the negligence of the officers and agents of the school district by their failure to "take proper precautions to exercise proper care for the safe-guarding of the pupils of the said school; . . . that at the said time and place . . . no supervision whatever was exercised over the said children . . . and no teacher or other employee of the defendant was present in the said classroom during the time of said accident or at any of the times between the hour of 12 o'clock noon . . . until after the occurrence of the accident".

■ We are of the opinion that is a sufficient allegation of negligence. In the case of *Taylor* v. *Oakland Scavenger Co.*, 12 Cal. (2d) 310, 316 [83 Pac. (2d) 948], it is said with respect to the sufficiency of pleadings which attempt to allege negligence, that:

"It is elementary that negligence may be pleaded generally. This means that after what was done has been stated, it is sufficient to allege that it was negligently done, without stating the particular omission which rendered the act negligent."

Numerous cases are cited in support of that statement of the law. In the present case the negligence is alleged to have consisted of an omission to supply the supervisor of students during an intermission of school which is required by law. Since the accident occurred in a school room during the luncheon hour, it requires no speculation to assume that if the supervisor had been present in that room she would have observed the unusual scuffling and rough conduct of the students and she would naturally have commanded them to desist. Indeed, we may assume that if the teacher had been present the scuffling would not have occurred. Under those circumstances, with the supervision required by law, the injuries would not have resulted. It was unnecessary for the pleader to specifically recite the details of just how the accident would have been avoided if the supervisor had been present, under the circumstances of this case.

The amended complaint stated a good cause of action against the school district based on alleged negligence consisting of failure to provide for the supervision of school children while they were eating their lunches in a school room on the school premises during an intermission of the school. Section 2.801 of the School Code provides that:

"Boards of school trustees, high school boards, junior college boards and boards of education are liable as such in the name of the district for any judgment against the district on account of injury to person or property arising because of the negligence of the district, or its officers or employees."

Section 5.543 of the School Code provides that:

"Every teacher in the public schools must hold pupils to a strict account for their conduct on the way to and from school, on the playgrounds *or during recess.*"

The complaint alleges the adoption of a uniform rule by the state board of education with respect to the supervision of pupils, which provides in part that:

"Where special playground supervision is not provided, *teachers shall supervise the conduct* . . . of the pupils of their classes in the school, or *on the school grounds during intermissions* and before and after school."

We assume that the purpose of the law requiring supervision of pupils on the playgrounds and on the school property during school hours is to regulate their conduct so as to prevent disorderly and dangerous practices which are likely to result in physical injury to immature scholars under their custody. It is true that the mere lack of supervision, or inadequate supervision may not necessarily create liability on the part of a school district to compensate for injuries sustained by a pupil. If it appears that a supervisor could not have reasonably anticipated or prevented the conduct of fellow students which resulted in injuries, it might not be material whether they were present at the time of the act complained of, or not. But when the omission to perform a duty, like that of being present to supervise the conduct of pupils during an intermission while they are eating their lunches in a school room, may reasonably be expected to result in rough and dangerous practices of wrestling and scuffling among the students, the wrongful absence of a supervisor may constitute negligence creating a liability on the part of the school district. The question as to whether the absence of the supervisor from her post of duty in the present case contributed to the cause of the injury received by Cecelia Forgnone, will depend upon the particular circumstances to be established at the trial. It is the province of the trial judge or the jury to determine whether the facts may show that her absence actually did contribute to the injury received. The complaint alleges that while the children were eating their luncheons in the class-room a fellow student engaged in scuffling with Cecelia during which encounter her arm was twisted and broken. It was further alleged that no teacher or employee was present in the classroom and that the negligence of the school district consisted of failing and neglecting to provide a supervisor to regulate the conduct of the students.

It has been held that improper supervision of pupils on the school grounds may create a liability on the part of the school district for injuries received by one pupil on account of the recklessness of a fellow student while they were engaged in

recreation on the premises during an intermission. (*Buzzard* v. *East Lake School District,* 34 Cal. App. (2d) 316 [93 Pac. (2d) 233].)

The two cases relied upon by the respondent may be readily distinguished from the facts of this case. In the case of *Weldy* v. *Oakland High School District,* 19 Cal. App. (2d) 429 [65 Pac. (2d) 851], a judgment rendered pursuant to an order sustaining a demurrer to the complaint for failure to state facts sufficient to constitute a cause of action was sustained. But in that case it was alleged that a supervisor of a foot-ball game which was sponsored by the school was in attendance. It was further alleged that the accident complained of occurred in the course of the game when some of the students engaged in rowdyism during which one of the students threw a bottle which struck the plaintiff and injured him. It is apparent that even though the supervisor was present he could not be expected to be all over the field at once or to anticipate that some lawless student would recklessly throw a bottle into the crowd of spectators. But in the present case, if the supervisor had been present in the school room where the students were eating their luncheons, it would be expected that she would prevent the students from engaging in rough and dangerous scuffling which was likely to result in personal injuries to students. The liability of the school district depends on the particular circumstances of each case.

In the case of *Underhill* v. *Alameda Elementary School District,* 133 Cal. App. 733 [24 Pac. (2d) 849], upon which the respondent also relies, a judgment sustaining a demurrer was likewise upheld. In that case there was a supervisor present on the school grounds during the playing of a baseball game. It appears that one of the pupils was struck by a bat and injured in the course of the game. It was claimed that the negligence of the district consisted of failing to segregate ''larger pupils'' from ''smaller pupils'' and in permitting all of them to play ball in ''one small single enclosed yard'', and that it permitted the existence on the field of a certain wire at ''an insufficient height'' above the ground. Clearly the complaint failed to state how the size of the pupils, or the size of the field or the location of the wire contributed in any manner to the negligence which caused the accident. It was a mere conclusion to allege that the pupils were too large or too small; that the field was not

of adequate size, or that the wire was too close to the ground. From the facts recited in that case it is impossible to determine how the negligence of the district contributed in any manner to the accident. In that case the supervisor was present. In this case no supervisor was present. That case furnishes no criterion for the determination of this action.

The judgment is reversed and the court is directed to overrule the demurrer and permit the defendant to answer the amended complaint.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 6, 1940, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 30, 1940.