[Civ. No. 17244.   First Dist., Div. Two.   June 6, 1957.]

MIKE TYMKOWICZ et al., Respondents, v. SAN JOSE UNIFIED SCHOOL DISTRICT, Appellant.

518

§

Weinstock, Anderson, Maloney & Chase for Appellant.

William G. Clark for Respondents.

DRAPER, J.—This is an action for wrongful death of Michael Tymkowicz, 10, a pupil at College Park Grammar School. Shortly before school, decedent was engaged in a game of "blackout," played on the school grounds. In this "game," one boy takes a deep breath and holds it, while another boy squeezes him tightly around the chest. The object is to render the first boy unconscious. On this occasion, the object apparently was partially attained. When

released from his companion's grip, Michael fell and struck his head upon the school yard pavement, sustaining injuries which resulted in his death later the same day. Jury verdict was in favor of plaintiffs, the parents of the deceased boy. Defendant school district appeals. Its principal contention is that the evidence is insufficient to support the judgment.

■ Lack of supervision of pupils (*Forgnone* v. *Salvador Union Elementary Sch. Dist.*, 41 Cal.App.2d 423 [106 P.2d 932]), or improper supervision (*Buzzard* v. *East Lake Sch. Dist.*, 34 Cal.App.2d 316 [93 P.2d 233]) may constitute negligence on the part of the school district. ■ Appellant concedes that failure to provide supervision "may result in actionable negligence," but argues that the evidence shows actual supervision by teachers. Richard Rastellini, the other participant in the "game," was called by appellant. He was asked "while you were playing this, did you see any teacher at all in the yard?" and answered "No, sir." Appellant argues that his testimony as a whole shows that he meant to refer only to the immediate area of the "game," and not to the school yard as a whole. This was a proper argument to the jury, which had the function of weighing the evidence. It cannot be addressed to this court which, looking to the evidence only to see whether there is substantial support therein for the jury's implied finding, finds it in the testimony quoted. There was like testimony by another witness. ■ When one in a position to see testifies that he did not see persons claimed to be present, this negative evidence is sufficient to support a jury finding that such persons were not present (*Hamilton* v. *Pacific Elec. Ry. Co.*, 12 Cal.2d 598 [86 P.2d 829]). Such negative evidence is more commonly found in cases where the issue is whether a warning whistle or bell was sounded by a train. In these analogous cases, the rule is clear that a finding that no warning was sounded is supported by testimony of one in a position to hear that he heard no warning (*Scott* v. *City & County of San Francisco*, 91 Cal.App.2d 887, 889 [206 P.2d 45]), even in the face of positive testimony that the warning was given (*Carey* v. *Pacific Gas & Elec. Co.*, 75 Cal.App. 129 [242 P. 97]; *Hamilton* v. *Pacific Elec. Ry. Co., supra*). Thus the testimony above quoted is, in our case, sufficient to support a determination by the jury that no teacher was in the yard.

There also was evidence from which the jury could conclude that the game was played for at least 10 minutes before the injury to Michael. ■ Additionally, plaintiff

father testified to an admission by the school principal that he "knew that game was going on for quite a few years." The jury could consider this testimony as evidence of the fact assertedly admitted (*Satariano* v. *Sleight*, 54 Cal.App.2d 278 [129 P.2d 35]). There was no evidence of efforts by school authorities to stop the game. The evidence summarized in this paragraph was sufficient to place before the jury an issue as to the adequacy of the supervision of the school playground (see *Lilienthal* v. *San Leandro Unified Sch. Dist.*, 139 Cal.App.2d 453 [293 P.2d 889]; *Satariano* v. *Sleight, supra*).

█ The basic issue is whether defendant district exercised ordinary care. "The question is whether the school officials used the same care as persons of ordinary prudence . . . would use under the same circumstances" (*Bellman* v. *San Francisco High Sch. Dist.*, 11 Cal.2d 576, 582 [81 P.2d 894]). This is a question of fact, and is essentially for the jury. Their determination of this issue is supported by substantial evidence. It will not be disturbed here, even though there is contrary evidence which, if accepted by the jury, would lead to a different conclusion.

█ Appellant also attacks the sufficiency of the evidence to show that inadequate supervision was a proximate cause of the injury. But this question, too, is one of fact for the jury, and we cannot say that, as a matter of law, the evidence is insufficient to support the verdict in this respect (*Charonnat* v. *San Francisco Unified Sch. Dist.*, 56 Cal.App. 2d 840 [133 P.2d 643]; *Ogando* v. *Carquinez Grammar Sch. Dist.*, 24 Cal.App.2d 567 [75 P.2d 641]; *Lindsey* v. *De Vaux*, 50 Cal.App.2d 445 [123 P.2d 144]).

Appellant argues that the deceased child was, as a matter of law, guilty of contributory negligence or assumed the risk of the injury. █ But "knowledge that danger exists is not knowledge of the amount of danger necessary to charge a person with negligence in assuming the risk caused by such danger" (*Ridge* v. *Boulder Creek etc. Sch. Dist.*, 60 Cal. App.2d 453, 460 [140 P.2d 990]). █ Even as to adults, determination that contributory negligence exists as a matter of law is rare, and a much more lenient rule is applied to minors (*Ross* v. *San Francisco Unified Sch. Dist.*, 120 Cal. App.2d 185, 191 [260 P.2d 663], and cases there cited). In the case of this 10-year-old boy, it was well within the province of the jury, on the evidence before it, to find against the defense of contributory negligence and assumption of risk.

■ Appellant asserts error in the giving of an instruction, quoting from Education Code, section 13229, the language: "Every teacher in the public schools shall hold pupils to a strict account for their conduct . . . on the playgrounds, or during recess." *Hanson* v. *Reedley etc. Sch. Dist.*, 43 Cal.App.2d 643 [111 P.2d 415], is cited. But that case involved negligence of school authorities in the choice of an automobile and driver for the transportation of students. Supervision of the student driver was not an issue. Even there, it was held that the instruction was not prejudicial. In the case at bar, the sole issue was the adequacy of the supervision of students at play. The quoted code section is a principal basis for requiring adequate supervision (*Charonnat* v. *San Francisco Unified Sch. Dist., supra,* 56 Cal.App.2d 840, 844). Thus it is difficult to find error in the reading of the code section to the jury. In any event, the instructions as a whole fully advise the jury of the factual basis which must be found if liability was to be imposed, and made clear that the act of a fellow student would not, alone, establish liability of defendant district. Thus the questioned instruction, even if erroneous, was not prejudicial. Appellant also complains that the court omitted from its quotation of the section the language requiring strict account of pupils "on the way to and from school." But here the injury was not incurred in going to or from school, and the omitted language was irrelevant. Its omission was not error.

■ Appellant assigns as error the giving of an instruction that "Mere lack of supervision or inadequate supervision may not necessarily create liability on the part of a School District to compensate for injuries sustained by a pupil; but when the failure, if any, to perform a duty such as the duty to be present to supervise the pupils' conduct during the recreation periods may reasonably be expected to result in rough, rowdy and dangerous practices . . . the wrongful absence of a supervisor may constitute negligence." It is asserted that there was no evidence of the absence of supervisors from the yard, and that this instruction therefore is irrelevant and is prejudicial in placing before the jury a fact not in evidence. We have already pointed out that there was substantial evidence from which the jury could find that there was no teacher in the yard at the time of the accident or for an appreciable period before it. Appellant also asserts error in the use of the word "wrongful" in the phrase "the wrongful absence of a supervisor may constitute

negligence.'' But the adjective obviously was used to protect appellant. Rather than informing that mere absence of supervision is a basis of liability, the court limited liability to a case of wrongful absence. There is no prejudice to appellant.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied July 5, 1957.