[Civ. No. 17527. First Dist., Div. One. Feb. 25, 1958.]

JULIAN RODRIGUES et al., Appellants, v. SAN JOSE UNIFIED SCHOOL DISTRICT, Respondent.

*Assigned by Chairman of Judicial Council.

Edwin H. Williams for Appellants.

Weinstock, Anderson, Maloney & Chase for Respondent.

McMURRAY, J. pro tem.*—Bobby Rodrigues, a 6-year old, first grade pupil in the Horace Mann Elementary School, which is in defendant's district, was found lying unconscious on the blacktopped playground under a horizontal bar which was a piece of playground apparatus in the first grade play area of the school; this was during the noon recess and Bobby was bleeding from a head injury. He was taken to the emergency hospital and died some three and a half hours later as a result of his skull injury.

Mr. and Mrs. Rodrigues, the parents of the deceased boy, sued seeking damages for his wrongful death and this appeal is from a judgment in favor of defendant entered upon a jury verdict.

Appellants first assert that respondent's negligence is established as a matter of law by uncontroverted evidence. There is evidence that Bobby suffered from a type of cerebral palsy and from congenital heart disease, and that he would occasionally have seizures which would affect his vision and cause tremor of the hands which conditions were noticed by his first grade teacher. This teacher had discussed these seizures with Bobby's mother who stated that he could take care of himself and asked the teacher not to tell others of the boy's condition. The teacher had also talked with Bobby who stated that he should not climb on things.

If this testimony were believed by the jury and it felt that the teacher acted as a reasonable person under these circumstances in not communicating Bobby's physical deficiency to others charged with his supervision, appellants' assertion that by reason of Bobby's condition respondent was negligent as a matter of law in not providing him closer supervision fails.

Although Education Code, section 13229, provides in part, "Every teacher in the public schools shall hold pupils to a strict account for their conduct . . . on the playgrounds, or during recess," this does not make school districts insurers of the safety of pupils at play or elsewhere (*Goodman* v. *Pasadena City H.S. Dist.*, 4 Cal.App.2d 65, 68 [40 P.2d 854]).

A district's liability is predicated upon section 1007 of the Education Code which provides that a district is liable for damages for injuries arising because of the negligence of the district, its officers or employees and whether or not a district is negligent in affording supervision of pupils on the playground is a question of fact (*Tymkowicz* v. *San Jose etc. Sch. Dist.*, 151 Cal.App.2d 517, 521 [312 P.2d 388]) unless

---

*Assigned by Chairman of Judicial Council.

there is no evidence which is compatible with the exercise of due care under all of the facts in the case. The failure of Bobby's first grade teacher to inform others of his condition was a proper subject of consideration by the jury to determine whether or not this was negligent; furthermore, the type of supervision furnished to the first grade play area— one teacher overseeing 75 to 100 children in a space approximately 75 feet by 110 feet— also presented a matter for the jury's consideration. The statement of these conditions does not foreclose the possibility that such action and supervision might not be proper under the facts.

Appellants cite many cases to support their assertion that respondent was chargeable with negligence as a matter of law, but none are sufficiently similar in their facts as to be controlling here.

The language cited by appellants in *Forgnone* v. *Salvador U.E. Sch. Dist.*, 41 Cal.App.2d 423, 426 [106 P.2d 932] : ''We assume that the purpose of the law requiring supervision of pupils on the playgrounds and on the school property during school hours is to regulate their conduct so as to prevent disorderly and dangerous practices which are likely to result in physical injury to immature scholars under their custody. It is true that mere lack of supervision, or inadequate supervision may not necessarily create liability on the part of a school district to compensate for injuries sustained by a pupil. If it appears that a supervisor could not have reasonably anticipated or prevented the conduct of fellow students which resulted in injuries, it might not be material whether they were present at the time of the act complained of, or not,'' is a fair statement of the law. But appellants' argument that because of Bobby's defect the school was bound to anticipate that he would use apparatus which he himself had acknowledged he should not use the very morning of the accident and by extremely rigid supervision keep him off such apparatus would impose a greater burden of care upon the school than we deem was necessary under the facts before us.

Respondent urges that appellants failed to show that Bobby's death was a direct and proximate result of the negligence of respondent, arguing that it is only assumption that Bobby was on the bar, had a seizure and fell. In view of the record wherein both parties put into evidence reports that Bobby fell because he had a seizure while on the bar this argument of respondent is untenable.

The questions as to the adequacy of the supervision afforded by respondent and as to whether such supervision or

lack thereof was the proximate cause of Bobby's death were factual matters to be determined by the jury.

■ In line with the above aspect of the case, but presented as a separate argument, appellants complain that it was error for the court to refuse to give a certain instruction submitted by them which read: "If you find that it was dangerous for Bobby Rodriques to use the monkey bar, because of his physical handicap, and that his teacher at the Horace Mann School knew that it was dangerous for him to do so, then it was the duty of the Defendant School District to use reasonable efforts to prevent Bobby Rodrigues from using the bar. Failure to perform this duty constituted negligence on the part of the School District."

Appellants state that if the jury had received and followed this instruction a finding of negligence on the part of the defendant would have been certain to follow.

The jury was well and fully instructed on the principles of law involved in the case and the failure to give this particular instruction was in no wise prejudicial to appellants. Even under the proposed instruction the jury might well have found that the proximate cause of the accident was not any act or dereliction attributable to the district.

■ During the trial expert testimony of two witnesses was admitted as to the number of pupils one person could properly supervise. Appellants contend that since much of this testimony was relative to supervision in other schools and was without proper foundation it was prejudicial to allow such testimony.

From the record it appears that both experts were qualified by years of experience and study to testify generally as to supervision of playgrounds. Neither witness stated dogmatically the number of pupils one person could properly supervise and neither testified in such manner as to eliminate from consideration special problems which might be involved in any particular instance. Their testimony was general in nature and restricted in great part to usual school conditions. The case of *Charonnat* v. *San Francisco Unified Sch. Dist.*, 56 Cal. App.2d 840 [133 P.2d 643], is relied upon by appellants to show that one witness' testimony was in error. That case reveals unusual facts and differs completely from the one here considered. Appellants' arguments as to the expert testimony are directed against its weight and credibility. These were matters for the jury to consider. Appellants at the time of trial cross-examined these witnesses, and appellants' present

contention that the customs testified to by the experts were below the standard required by law and hence inadmissible arise from the same view of the evidence as that presented in their first argument. Granting that if evidence of custom does not measure up to the standard required by law it is inadmissible, nevertheless, there is nothing in the expert testimony here which shows a custom that was of a lower standard than that required by law. There is no absolute rule as to the number of pupils one supervisor may adequately oversee, nor is there any fixed standard of supervision; the question as to compliance with the law is one for the determination of a jury under the facts of the particular case.

Here the jurors were free to determine the weight to be given the expert testimony and were free to disregard it if they found it to be unreasonable and they were so instructed.

■ Appellants' next contention is that the court erred in giving the following instruction: "It was the duty of the Defendant to furnish reasonably safe facilities as well as instruction and supervision and the type of facilities made available as well as the instruction and supervision furnished is measured in quality by what an ordinary school of this type would have furnished under the same or similar circumstances."

It is argued that it does not appear what an ordinary school would have furnished under the same or similar circumstances without resort to the expert testimony heretofore mentioned and, further, that the instruction is not in accordance with the law under *Reagh* v. *San Francisco Unified Sch. Dist.*, 119 Cal.App.2d 65 [259 P.2d 43].

Standing alone it might well be that the instruction is defective, but when viewed, as it must be, in conjunction with all the other instructions given the instruction was not prejudicially erroneous, particularly in view of correct instructions given on the same subject and the instruction that the jurors were to view the instructions as a whole and each in the light of all the others.

■ Appellants next complain that it was error to submit the question of the contributory negligence of the parents to the jury, contending that there was no evidence to justify instructions on that subject. Appellants herein fail to consider the testimony of Bobby's first grade teacher to the effect that Bobby's mother told her that she need not tell others of his condition since he knew how to take care of himself. That testimony alone would require the jury to consider the contributory negligence of the parents in the

light of all other facts in the case. We hold that under the pleadings and the facts here the question of the contributory negligence of the parents was properly submitted to the jury.

Insofar as the question of the contributory negligence of Bobby himself is concerned appellants argue vigorously that such question should not have been submitted to the jury since it was not pleaded although assumption of risk was pleaded.

Here, however, appellants submitted to the court and the court gave certain proper instructions upon the subject. It is too late to raise that matter in this court. (35 Cal.Jur. 2d, p. 776, § 239.)

The jury was properly instructed that:

"The law presumes that Robert Rodrigues, now deceased, in his conduct at the time of and immediately preceding the accident here in question, was exercising ordinary care. This presumption is a form of prima facie evidence and, in the absence of evidence to the contrary, which is sufficient to outweigh the force of this presumption, you should find that Bobby Rodrigues was not guilty of contributory negligence," and

"The burden of proof is on the Defendant to prove the defenses of contributory negligence and assumption of risk by the preponderance of the evidence.

"The presumption of law that Bobby Rodrigues was exercising due care at the time of the injury, is a species of evidence and unless the force of these presumptions is overcome by evidence of more convincing force you should find that Bobby Rodrigues was not guilty of contributory negligence and did not assume any risk."

By appellants' own evidence it is shown that Bobby knew he should not get on the bar and further by the death certificate introduced by appellants that he was injured by falling from a bar. Their argument that the presumption of due care requires the conclusion that he exercised due care in getting on the bar does not impress us. There was certainly sufficient evidence before the jury to justify a finding based on reasonable inference that Bobby was negligent in getting on the bar or assumed any risk attendant on doing so.

The last point raised by appellants is that the court erred in excluding certain evidence contained in a deposition of appellants' expert witness. The matters excluded were the conclusions relating to surfaces under playground apparatus in a report of a committee of 30 persons of which

the witness had been a member, and the court in making its ruling striking certain portions of the deposition based upon this report expressly allowed the experts' own opinions and conclusions to remain for the jury's consideration. The ruling of the court in this matter was proper. The witness could have testified to the same ultimate effect as the conclusions contained in the report of the committee, but to attempt to have an expert give his opinion by adopting a group conclusion as his expert opinion would extend the scope of opinion evidence unduly. The report was hearsay, the court's ruling on its admissibility was correct and, in not allowing appellants' counsel to read certain portions of the experts' deposition to the jury in argument, the court was properly exercising its discretion in the conduct of the trial. Where parts of a deposition are admitted in evidence and other parts excluded the court was well advised to exercise its discretion as it did.

Appellants have vigorously and ably presented their position, but have not shown prejudicial error in the trial. The judgment appealed from is affirmed.

Bray, Acting P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied March 27, 1958.