[Civ. No. 20794.   First Dist., Div. Two.   Mar. 12, 1964.]

CHRISTIAN BECK, a Minor, etc., Plaintiff and Appellant,
v. SAN FRANCISCO UNIFIED SCHOOL DISTRICT,
Defendant and Appellant.

504

Dallas D. Brock, Jr., for Plaintiff and Appellant.

Thomas M. O'Connor, City Attorney, and Jerome Cohen, Deputy City Attorney, for Defendant and Appellant.

TAYLOR, J.—The minor plaintiff, Christian Beck, through his guardian ad litem, Carl Beck, filed this action for damages for personal injuries suffered when Christian was struck by two other pupils on school grounds. After the jury returned a verdict in favor of the plaintiff for $7,678,

the court denied the defendant school district's motion for a judgment notwithstanding the verdict and the district appeals from the order of denial. The court granted the district's motion for a new trial on the insufficiency of the evidence and the plaintiff cross-appeals from the order granting the new trial.

The pertinent facts are as follows: At the time of the injury, Christian was 15 years old, and a sophomore at Mission High School in San Francisco. On May 22, 1959, the day of the annual school carnival, Christian, after attending his morning classes, looked for a teacher to obtain permission to leave the school grounds. He looked in vain in the school building and then went outside to the yard where the carnival was held. Because it was noontime and he was hungry, he decided to get something to eat. As he walked to the food ticket booth in the center of the yard, he saw two older boys he did not know standing nearby. He noticed they were smoking in violation of the school rules. While Christian stood in line for about 5 to 10 minutes, he "unconsciously" stared at the smokers, wondering how they could get by with such an obvious violation of the strictly enforced rules against smoking on the school grounds. After purchasing his tickets, Christian walked away still "sort of" staring at the smokers who then came over and asked him what he was looking at. When he replied "Nothing," one struck a "sneak blow" which spun him around, while the other knocked him to the ground. Christian struck his head and suffered a severe injury.

A girl screamed and a crowd formed around the plaintiff. The scream was heard by the teacher charged with the general supervision of the carnival, A. J. O'Connor, who immediately turned around and saw the plaintiff lying on his back. O'Connor also noticed a man standing near the plaintiff, assumed it was a teacher, and left to get the nurse. Other school officials testified that of the 23 teachers assigned to the carnival, none were absent from their assignments, that five or six teachers were in the area of the ticket booth just before the incident, and that when adolescents gather, rowdyism tends to occur unless there is supervision. Vince Belli, plaintiff's fellow student, testified that he looked but did not see any teachers in the area in question from the time he arrived prior to the incident until several minutes thereafter. There was evidence that some of the teachers were conversing with each other. There had never been any fights or difficulties at

previous festivals. On this occasion, there was nothing unusual, no loud talking or shoving or other circumstances to indicate that any trouble was brewing. The evidence establishes without contradiction that the plaintiff was injured by the sudden wilful act of two 17-year-old fellow students. The two assailants did not have a reputation for belligerency or fighting. The plaintiff testified that they did not address him in a pugnacious manner and that he received a "sneak punch."

The alleged liability of the school district is based on section 903 of the Education Code[1] which provides that a school district is liable for injuries resulting from the negligence of its officers or employees. ■ A school district has a duty to supervise the conduct of children on school grounds at all times and to enforce pertinent rules or regulations (*Taylor* v. *Oakland Scavenger Co.*, 17 Cal.2d 594 [110 P.2d 1044]). ■ The failure to do so may constitute actionable negligence (*Tymkowicz* v. *San Jose etc. School Dist.*, 151 Cal.App.2d 517, 520 [312 P.2d 388]). ■ It is not necessary to prove that the very injury which occurred must have been foreseeable by the school authorities in order to establish that their failure to provide the necessary safeguards constituted negligence. ■ Negligence is established if a reasonably prudent person would foresee that injury of the same general type would be likely to happen in the absence of such safeguards (*Taylor* v. *Oakland Scavenger Co.*, *supra;* *Lehmuth* v. *Long Beach Unified School Dist.*, 53 Cal.2d 544, 553 [2 Cal.Rptr. 279, 348 P.2d 887]). ■ However, there must be a proximate causal connection between the inadequacy of the supervision and the accident (*Forgone* v. *Salvador U. E. School Dist.*, 41 Cal.App.2d 423 [106 P.2d 932]). ■ While foreseeability is one factor in the delineation of negligence, it is equally pertinent in the exploration of proximate cause, especially when an intervening act plays a contributory role in the accident (*Raymond* v. *Paradise Unified School Dist.*, 218 Cal.App.2d 1, 8 [31 Cal.Rptr. 847]).

■ We first consider the denial of the district's motion for a judgment notwithstanding the verdict. The rule in passing upon such a motion is the same as for nonsuits. (*Waller* v. *Southern Cal. Gas Co.*, 170 Cal.App.2d 747 [339 P.2d 577]). "Unless it can be said, as a matter of law, that no other reasonable conclusion is legally deducible from the

---

[1]Former section 1007.

evidence and that any other holding would be so lacking in evidentiary support that a reviewing court would be impelled to reverse it upon appeal, or the trial court set it aside as a matter of law, the trial court is not justified in taking the case from the jury." (*Seneris* v. *Haas,* 45 Cal.2d 811, 821 [291 P.2d 915, 53 A.L.R.2d 124].) ██ We must therefore disregard all conflicts in the evidence and view it in a light most favorable to the plaintiff (*Cain* v. *Friend,* 171 Cal. App.2d 806 [341 P.2d 753]; *Coates* v. *Chinn,* 51 Cal.2d 304, 305 [332 P.2d 289]). ██ There was testimony that no teachers were seen in the area from sometime prior to the incident until several minutes thereafter and that there is a tendency for a gathering of adolescents to engage in rowdyism unless under proper supervision. Plaintiff established a sufficient prima facie case of lack of supervision and thus a violation of a duty owed him by the district (*Amaya* v. *Home Ice, Fuel & Supply Co.,* 59 Cal.2d 295, 307-309 [29 Cal.Rptr. 33, 379 P.2d 513]). ·

██ The district argues that its motion should have been granted because the proximate cause of the accident was not the claimed lack of supervision but an intervening wrong which supervision would not have prevented. While this view is supported by our decision in *Woodsmall* v. *Mt. Diablo etc. School Dist.,* 188 Cal.App.2d 262, 266-267 [10 Cal.Rptr. 447], and *Wright* v. *City of San Bernardino High School Dist.,* 121 Cal.App.2d 342, 347 [263 P.2d 25], we think the better approach is to treat the causal relationship between lack of supervision and injury as a fact determination for the jury (*Raymond* v. *Paradise Unified School Dist., supra,* at pp. 7, 8; *Ziegler* v. *Santa Cruz City High School Dist.,* 168 Cal. App.2d 277 [335 P.2d 709]; *Tymkowicz* v. *San Jose etc. School Dist., supra*). ██ As stated in the *Raymond* case, each of the proximate cause decisions turns on its own facts and has little value as precedent.

██ Although a school district is not liable for injuries arising from the unlawful or wilful misconduct of its students (*Reithardt* v. *Board of Education,* 43 Cal.App.2d 629 [111 P.2d 440]), the wilful act of a student may not in itself be a sufficient intervening cause to relieve the district of its own liability. (*Charonnat* v. *San Francisco Unified School Dist.,* 56 Cal.App.2d 840 [133 P.2d 643]). ██ There is no fixed standard of supervision and whether the intervening cause was sufficient to relieve the district in the instant case was a question of fact properly left to the jury on

the trial as were the matter of the adequacy of the supervision of the carnival and the question of proximate cause (*Rodrigues* v. *San Jose Unified School Dist.*, 157 Cal.App.2d 842 [322 P.2d 70]).

We conclude that the trial court properly denied the district's motion for judgment notwithstanding the verdict.

We now turn to the order granting the district's motion for a new trial. On appeal, all presumptions are in favor of an order granting a new trial and against the judgment and the appellate court will reverse such an order only where as a matter of law, there is no substantial evidence to support a contrary judgment. The granting of a motion for a new trial rests so completely within the discretion of the trial court that the appellate court can interfere only when a manifest abuse of discretion appears and the burden of showing such abuse is on the plaintiff (*Vanni* v. *Burns*, 179 Cal.App.2d 58, 61 [3 Cal.Rptr. 487]; *Mazzotta* v. *Los Angeles Ry Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338]).

In the instant case, there was testimony that some 23 teachers had been assigned to the carnival and that 5 or 6 of these were in the area of the attack just before the plaintiff was struck. There was also testimony that there had been no trouble at previous carnivals and that the attack was wilful and unheralded. This testimony afforded substantial evidence upon which the jury could have based a judgment for the district either on the ground of adequacy of supervision or lack of proximate cause (*Woodsmall* v. *Mt. Diablo etc. School Dist., supra*). The trial court did not abuse its discretion and was legally justified in granting the district's motion for a new trial.

The order granting the new trial and the order denying the motion for a judgment notwithstanding the verdict are affirmed. Each party is to bear his own costs.

Shoemaker, P. J., and Agee, J., concurred.