279 So.2d 87 (1973)
Rodney McGAHEE et al., Appellants,
v.
The DADE COUNTY BOARD OF PUBLIC INSTRUCTION, Appellee.
No. 72-1292.
District Court of Appeal of Florida, Third District.
June 5, 1973.
Rehearing Denied July 3, 1973.
Fromberg, Fromberg & Roth and Jeffrey Michael Cohen, Miami, for appellants.
Stephens, Magill, Thornton & Sevier, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellants take this appeal from a summary final judgment entered in favor of defendant-appellee.
On June 9, 1970, the last day of classes, Eleanor Thue, a school teacher, had asked her third grade class for volunteers to come the following day and help clean up the classroom. Minor plaintiff, Rodney McGahee and his friend, Ernest Hooker, came back the next day to assist Ms. Thue with the clean up. As requested by his teacher, Rodney began to remove some thumbtacks from the bulletin board. One of the thumbtacks was stuck and in order to dislodge it, Rodney put to use a pair of *88 six inch long scissors. As he pulled out the tack, the scissors came back and hit him in the right eye in which subsequently he lost his sight as a result of this accident. Rodney's father, plaintiff Willis McGahee went to the school and reported the incident to Ms. Thue and the principal. The school board admitted that official notice of the accident had been received within 30 days after its occurrence. On July 21, 1972 a second amended complaint was filed by the plaintiffs for damages against the defendants, The Dade County Board of Public Instruction, Ms. Eleanor Thue and Continental Insurance Company,[1] the liability insurer of The Dade County Board of Public Instruction. Thereafter, by stipulation the complaint was dismissed as to Ms. Thue. The Dade County Board of Public Instruction moved for summary judgment which was granted after a hearing thereon.
On appeal, plaintiff-appellants argue that the court erred in entering a final summary judgment in that there were genuine issues of fact to be resolved and the board was not entitled to judgment as a matter of law. We find merit in this contention.
It is well established in Florida that for the purpose of determining the propriety of an entry of summary judgment for the defendant, on appeal the facts will be viewed in a light most favorable to the plaintiff. 2 Fla.Jur. Appeal § 307 (1963) and cases cited therein.
In the case sub judice there are two basic issues involved, to-wit: (1) negligence, and (2) sovereign immunity.
Turning to the negligence issue, one of the questions raised is whether under the facts in the case sub judice the scissors of themselves would constitute a dangerous instrument and if so, it would follow then if the teacher authorized their use or under the circumstance had reason to know they would be likely to cause injury, she would have had the responsibility of close supervision over the student. See 23 Fla.Jur. Negligence § 42 (1959). Once having raised the issue of negligence, the corresponding issues of contributory negligence, assumption of the risk, etc. would then also come in question.
Next, we considered the issue with respect to sovereign immunity which appellee contends precludes any liability on its part. We find F.S. §§ 768.15 and 768.151, F.S.A. to be controlling. The cause of action arose on June 10, 1970 during a period when there was a waiver of sovereign immunity under the above cited statutes. We note further that F.S. § 455.06, F.S.A. provides that where a government entity has liability insurance as in the case at bar, there is no immunity to the extent of the limits of the policy. Thus, appellee's argument must fail.
Therefore, we hold that the question of negligence should go to the jury. Accordingly, the judgment of the lower court is reversed and remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
NOTES
[1] Apparently never served with process.