McCORD, Judge.
This is an appeal from a summary judgment entered in favor of the Okaloosa Board of Public Instruction and the Travelers Indemnity Company, appellees (defendants below), in a negligence action.
The undisputed facts as evidenced by the depositions and affidavit on file show that Gary L. Booker, an 18-year-old high school student, along with several other students were, on November 28, 1971, working during normal school hours under supervision of their faculty sponsor on a math club float to be used in the school homecoming parade. The sponsor told the students to go to his home and bring some lumber back for the float if they could get a truck. One of the students, Michael Lundy, obtained his father’s pickup -truck and the students got in the truck — four in the cab and three (including Gary) in the back. Gary sat on the side of the truck body with his back to the cab. In the course of the trip, the student driving the truck let it move over the center line and upon noticing this, he jerked it back into the proper *620 lane. As a result of this maneuver, Gary fell from the truck and was injured.
§ 230.23(9) (d) 1, Florida Statutes authorizes a school board to :
“Carry insurance on every school building in all school plants including contents, boilers and machinery, except buildings of three classrooms or less which are of frame construction and located in a tenth class public protection zone as defined by the Florida inspection and rating bureau; and on all school buses and other property under the control of the school hoard or title to which is vested in the school board, except as exceptions may be authorized under regulations of the state board.” (Emphasis supplied)
Paragraph 2 of the foregoing subsection provides in pertinent part as follows:
“In consideration of the premium at which each policy shall be written it shall be a part of the policy contract between the company and the named insured that the company shall not be entitled to the benefit of the defense of governmental immunity for the insured by reason of exercising a governmental function on any suit brought against the insured. Immunity of the school hoard against liability damages is waived to the extent of liability insurance carried by the school board. . . . ” (Emphasis supplied).
At the time of the aforesaid accident, the school board had a comprehensive automobile general liability insurance policy issued by appellee insurance company which contained the following statement of coverage:
“The compa'ny will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
Coverage C, bodily injury or
Coverage D, property damage
to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use, including loading and unloading, of any automobile, ...”
The coverage of the policy and the waiver of sovereign immunity under the above statute insofar as is pertinent to this accident is limited to bodily injury and property damage caused by an occurrence arising out of the use of any automobile which the school board is legally obligated to pay. The policy creates no additional liability beyond indemnification of the school board for such damages. We, thus, come to the ultimate question of whether or not the trial court was correct in its ruling that from the pleadings, depositions and affidavit on file, there is no material issue of fact and there is no liability of the school board for this accident. We find that the summary judgment must be reversed for the reason which we will hereinafter set forth.
Appellant contends that the school board is liable for this accident because the accident arose out of the use of the automobile for school purposes. Such a ruling would be entirely too broad. The school board would only be liable for any negligence of its employee, the faculty supervisor, which was a legal cause of the accident. The doctrine of dangerous instrumentality is not applicable to the school board in this case because the school board was not the owner or lessee of the truck. The dangerous instrumentality (truck) was put in the hands of the student driver by the driver’s father (the owner of the truck) and not by the school board.
Appellants alleged in their complaint that the board was negligent in allowing Michael Lundy to transport young students on the back of the pickup truck. We do not consider that riding in the back of a pickup truck or allowing high school students to ride in the back of a pickup truck would necessarily constitute negligence. In considering appellees’ motion for summary judgment, there is a dearth of evidence at this point to show either that the faculty supervisor was or was not in any *621 way negligent in connection with Gary Booker’s riding in the back of the pickup truck (or in the position he was in) or on the question of whether or not the manner in which Gary was riding was negligent.
 The record at this point does not contain sufficient facts to determine on summary judgment the question of whether or not the school board, through the acts of the faculty sponsor, can be charged with negligence in connection with Gary Booker’s riding on the back of the truck. While there is an inference from the depositions that the faculty sponsor neither directed the students to sit in the back of the truck nor had any knowledge that they were sitting in the back of the truck, there is no affirmative showing that such was the case. On summary judgment, the party moved against has the benefit of all favorable inferences reasonably justified by the evidence and the movant does not have the benefit of inferences favorable to him. Graff Enterprises v. Canal Insurance Company, Fla.App. (1st), 213 So.2d 738.
Reversed for further proceedings not inconsistent herewith.
BOYER, C. J., concurs, and RAWLS, J., dissents.