366 So.2d 531 (1979)
Jackelyn BARRERA, Appellant,
v.
DADE COUNTY SCHOOL BOARD, Appellee.
No. 78-631.
District Court of Appeal of Florida, Third District.
January 23, 1979.
A. Koss, Coral Gables, and Alex R. Sierra, Miami, for appellant.
Knight, Peters, Pickle, Niemoeller & Flynn and Joseph W. Downs, III, Miami, for appellee.
Before KEHOE and SCHWARTZ, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
SCHWARTZ, Judge.
The eight-year-old plaintiff, Jackelyn Barrera, was injured during a third grade physical education class at the Auburndale Elementary School. The accident occurred when a classmate with the intriguing name of Scarlett Rodriguez  who had displayed some prior rambunctiousness  pushed another little girl named Sara from a balance beam onto Jackelyn and broke her leg. The 30 children in the class were, at the time, divided into three approximately equal groups. One such group was apparently tumbling on mats on the gymnasium floor, another was using parallel bars, and the third was playing at the balance beam. The entire class was being supervised by a single teacher who was helping a girl at the parallel bars when the accident occurred and did not see it take place.
*532 Jackelyn and her parents sued the Dade County Board of Public Instruction for her injuries, but the trial judge granted a summary judgment in the defendant's favor. We find that the defendant did not, as required, conclusively demonstrate that, under all the circumstances, it had provided adequate supervision of the plaintiff and her classmates at the time of the accident. McGahee v. Dade County Board of Public Instruction, 279 So.2d 87 (Fla. 3d DCA 1973); Booker v. Okaloosa Board of Public Instruction, 323 So.2d 619 (Fla. 1st DCA 1975); Cirillo v. City of Milwaukee, 34 Wis.2d 705, 150 N.W.2d 460 (1967); Armlin v. Board of Education of Middleburgh Central School District, 36 A.D.2d 877, 320 N.Y.S.2d 402 (1971); Beck v. San Francisco Unified School District, 225 Cal. App.2d 503, 37 Cal. Rptr. 471 (1964); cf. King v. Dade County Board of Public Instruction, 286 So.2d 256 (Fla. 3d DCA 1973) cert. denied, 294 So.2d 89 (Fla. 1974); compare Solomon v. City of North Miami Beach, 256 So.2d 399 (Fla. 3d DCA 1972). The issues of negligence and legal cause in this case were not properly susceptible of summary disposition. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977); Visingardi v. Tirone, 193 So.2d 601 (Fla. 1966); Holl v. Talcott, 191 So.2d 40 (Fla. 1966). Accordingly, the summary judgment is reversed and the cause remanded for a jury trial.
Reversed and remanded.
CHARLES CARROLL (Ret.), Associate Judge, dissents.