851 So.2d 895 (2003)
Jodice Pierre LOUIS and Michel Joseph, Appellants,
v.
Shenika SKIPPER, Sandra Peterson, individually, Broward County School Board and State Farm Mutual Automobile Insurance Co., a foreign corporation, Appellees.
No. 4D02-2164.
District Court of Appeal of Florida, Fourth District.
August 13, 2003.
*896 Arnold R. Ginsberg of Ginsberg & Schwartz, Miami, and Robert F. Reck of Baker & Reck, Chartered, Hallandale Beach, for appellants.
Christopher J. Lynch of Angones, Hunter, McClure, Lynch, Williams & Garcia, P.A., Miami, for appellee Broward County School Board.
KLEIN, J.
Appellant plaintiffs were injured when they were struck by a privately owned automobile driven by a high school student during a school field trip. We affirm a summary judgment holding that the school board is not liable.
The field trip consisted of students driving their own vehicles or riding with others to a store to purchase uniforms to wear to work in hospitals, a requirement of a health occupations class. One of the students was alleged to have negligently driven her mother's vehicle, resulting in injuries to the plaintiffs, who were not involved with the field trip.
In order to participate in the field trip, the students' parents had to consent to their children driving or riding in another vehicle. The students were required to follow all of the same conduct rules that would apply when they were in class. The sole theory on which plaintiffs rely for holding the school board liable is that, because the students were under control of the school so far as their behavior was concerned, the student causing the accident was an agent of the school board.
In Booker v. Okaloosa Board of Public Instruction, 323 So.2d 619 (Fla. 1st DCA 1975), a teacher authorized several students to use a truck to pick up some lumber to use for a float in the homecoming parade. One of the students obtained his father's truck and another student, who was riding behind the cab in the bed was injured when the driver made a sudden turn. The court held that the school board could be liable only if plaintiff could establish negligence by the teacher, which was a legal cause of the accident. We agree with the reasoning of Booker.
Inasmuch as the student in this case was neither an employee of the school board, nor driving a school board vehicle, we do not see how the school board could be liable. If the school board had chartered a bus or van to transport these students, the school board would not be liable for the negligence of the driver, because the driver would be an independent contractor. Dixon v. Whitfield, 654 So.2d 1230 (Fla. 1st DCA 1995). The school board in this case had no more control over the driving *897 than did the school board in Dixon. We therefore affirm.
SHAHOOD and GROSS, JJ., concur.